CHAUNCY B. COOMBS, *Plaintiff in Error*, v. R. R. RICE, *Defendant in Error*.

1. In an action for a negligent injury to persons or property, it is in general necessary to allege only ultimate facts showing the relation between the parties out of which the duty to avoid negligence arises under the law, and the act or omission that proximately caused the injury, coupled with an allegation that such act or omission was negligently done or omitted.

2. Where the allegations of a declaration show a relation of bailor and bailee for mutual benefit between the plaintiff and defendant, out of which relation there arose a duty to use ordinary care for the preservation of a boat, the subject of the bailment, and state that the "defendant did, by his negligence in fastening said boat or vessel and leaving it unattended at a place exposed to imminent danger from fires, neggently permit said boat or vessel to be burned and destroyed by fire," a cause of action is stated, and in such a case a recovery must be predicated upon proof, by a preponderance of the evidence, of the burning of the boat as a result of the particular negligence alleged, viz: that the defendant was negligent in fastening the boat and leaving it unattended at the place where it was burned.

3. Where a bailment is for mutual benefit, the bailee is held to the exercise of ordinary care in relation to the subject matter thereof, and is responsible only for ordinary negligence.

4. In an action to recover damages for a negligent injury to property, if the evidence does not support the specific allegations of negligence from which the injury proximately resulted, a verdict for the plaintiff is unauthorized and should be set aside.

Appealed from the Circuit Court for Franklin County.

The facts in the case are stated in the opinion of the court.

*R. F. Burdine* and *Fred T. Myers,* for Plaintiff in Error;

*R. Don McLeod, Jr.,* for Defendant in Error.

WHITFIELD, C. J.—An action was brought by Rice against Coombs to recover damages for a boat of plaintiff's that was burned while in the possession of the defendant.

Plaintiff obtained a judgment and the defendant took writ of error.

The declaration alleges that the "plaintiff hired or leased his certain boat or vessel named 'Mermaid' to the defendant, upon consideration that said defendant, in return for the use of such boat or vessel, should repair the machinery on said boat or vessel and return such boat or vessel in good order upon demand, whereupon plaintiff delivered such boat or vessel into the possession of the defendant; and while said boat or vessel was in the possession of the defendant as aforesaid, defendant did, by his negligence in fastening said boat or vessel and leaving it unattended at a place exposed to imminent dan-

ger from fires, negligently permit said boat or vessel to be burned and destroyed by fire to the great damage of the plaintiff, whereupon plaintiff claims $600.00, damages." A demurrer challenges the sufficiency in law of the allegations of the declaration.

In an action for a negligent injury to persons or property, it is in general necessary to allege only ultimate facts showing the relation between the parties out of which the duty to avoid negligence arises under the law, and the act or omission that proximately caused the injury, coupled with an allegation that such act or omission was negligently done or omitted. Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618.

In this case the relation of the parties as bailor and bailee for mutual benefit out of which the duty arises is necessarily included in the allegation that the plaintiff committed his boat to possession of the defendant for a purpose and a mutual consideration good in law. The negligent act of the defendant that proximately caused the injury is stated to be that the "defendant did, by his negligence in fastening said boat or vessel and leaving it unattended at a place exposed to imminent danger from fires, negligently permit said boat or vessel to be burned and destroyed by fire." The ultimate act of negligence thus alleged was "in fastening said boat or vessel and leaving it unattended at a place exposed to imminent danger from fires." The declaration is not subject to the criticisms so forcefully stated by counsel for the plaintiff in error.

Unless the plaintiff shows by a preponderance of the evidence that the defendant was negligent in fastening the boat and leaving it unattended at the place where it was burned, he should not recover under this declaration.

See Dexter v. Seaboard Air Line Ry., 55 Fla. 292, 45 South. Rep. 887, and cases cited.

Where a bailment is for mutual benefit, the bailee is held to the exercise of ordinary care in relation to the subject matter thereof, and is responsible only for ordinary negligence. The bailee is not liable if the property bailed is injured by accident, or by some other means wholly without fault; and in the absence of some special stipulation an injury to or loss of the property falls on the bailor. 5 Cyc. 184.

The evidence shows that the boat was tied along some timber below the log boom and her stern was tied to the steamer Orinoe two hundred and fifty feet from the slab pit and fifty feet from a saw mill with the usual surroundings of such a place; but there is no evidence that such a place was regarded or reasonably should have been regarded as an imminently dangerous one for boats. On the contrary there is uncontradicted testimony that boats are tied at that place every day and that two persons "leave their boats there to be cared for on their summer vacations." There is no evidence that the defendant was, because of any existing or reasonably contemplated conditions, negligent in leaving the boat at the wharf where it was burned. It is not shown that the way in which the boat was "fastened" to the wharf caused its loss; but it does appear that the boat was burned with other boats belonging to the defendant. There is no testimony that if the boat had been "attended" it would have been saved, or that the boat was in fact "unattended" or that under the circumstances it was negligent on the part of the defendant to leave the boat "unattended." The plaintiff testified that he knew the defendant was to carry the boat to the mill, and that it was at the mill when it was destroyed; that

when he let defendant take the boat to the mill, he knew the slab pit at the mill was usually burning and that fire was usually in the furnace of the mill. The mill was not running the day the boat burned, and the fire did not originate in the slab pit or the furnace. The steamer Orinoe was nearest the fire and was burned before the plaintiff's boat burned. Negligence of the defendant in the particulars alleged in the declaration is not shown by the evidence.

The plaintiff testified that the defendant agreed to return the boat in as good condition as when he received it. This is denied by the defendant, and the circumstances do not tend to show that any special terms were made with reference to the care to be observed in the keeping and return of the boat. There is nothing to indicate that any special risks or dangers were contemplated by the parties, or that they reasonably should have been contemplated when the bailment for mutual benefit was effected.

In view of the law applicable to the case, the verdict is not in accord with the evidence, and the motion for new trial should have been granted by the trial court.

The judgment is reversed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.