J. W. WILLIAMSON, *Plaintiff in Error,* v. JOHN PHILLIPOFF, *Defendant in Error.*

## Opinion Filed January 6, 1914.

1. Where a bailment is for mutual benefit, the bailee is held to the exercise of ordinary care in relation to the subject matter thereof, and is responsible only for ordinary negligence. The bailee is not liable if the subject-matter of the bailment has been injured by some internal decay, by accident, or by some other means wholly without his default, and in the absence of some special stipulation an injury to or loss of the property falls on the bailor.

2. A bailee for hire, where the use of the thing bailed is the essence of the contract, impliedly undertakes to keep the thing in repair, and must bear such expenses as are incident thereto, unless the necessity for them arises from some defect in the thing against which the bailor has expressly or impliedly warranted it. Extraordinary expenses are charged upon the bailor, and the bailee may compel reimbursement for them.

3. Where the hired chattel is destroyed without fault of the bailee before the expiration of the period during which he was to have the use of it, he is, in the absence of express

stipulation to the contrary, liable only *pro tanto* for the payment of the hire; but he may agree to terms that will compel him to pay the hire under any circumstances whatever.

4. In general, the rule is that, independently of special agreement, express or implied, the bailor is not bound to make such repairs as are rendered necessary by ordinary wear and tear, but he is ordinarily bound to provide that the article hired should be in good condition to last during the time for which it is hired, and beyond that he is liable only for extraordinary expenses arising from unexpected causes.

5. The bailor, by the bailment, impliedly warrants that the thing hired is of a character and in a condition to be used as contemplated by the contract, and he is liable for damages occasioned by the faults or defects of the article hired.

Writ of error to Circuit Court of Pinellas County; A. B. McMullen, Referee.

Judgment reversed.

*C. B. Parkhill* and *John U. Bird,* for Plaintiff in Error;

*Hilton S. Hampton* and *Dozier A. DeVane,* for Defendant in Error.

SHACKLEFORD, C. J.—John Phillipoff brought an action at law against J. W. Williamson to recover damages alleged to be due the plaintiff from the defendant for the hire of a lighter. The defendant filed pleas of never was indebted as alleged, never promised as alleged, discharge and satisfaction by payment and a fourth plea to which a demurrer was interposed, whereupon the defendant filed an amended fourth plea, which is as follows:

"Fourth—That the lighter mentioned in the first count

of plaintiff's said declaration was at the time, to-wit, on the 16th day of September, A. D. 1910, when same was hired to this defendant by the plaintiff, worm-eaten and decayed to such an extent that this defendant was unable to complete the work with said lighter for which same was hired by this defendant, to-wit, to be used in the work of building and erecting a certain bridge in Pinellas County, Florida; that the condition of the said lighter was at the time the same was hired by this defendant from the said plaintiff as aforesaid, for the purpose aforesaid, unknown to this defendant. That the plaintiff did when he hired said lighter to this defendant as aforesaid then and there know that this defendant then and there hired said lighter for the purpose aforesaid. That afterwards, to-wit, on the 16th day of October, A. D. 1910, the aforesaid lighter did without any fault or negligence on the part of this defendant leak, fall-apart and sink, so that this defendant was then and there unable to complete said work with said lighter, or to return same to the plaintiff. That it was the duty of the plaintiff, under the law in such cases provided, to keep said lighter in a serviceable and floatable condition and to have repaired same. That this defendant used all reasonable and ordinary care in the use of said lighter when same was in his possession and control and used as aforesaid, and used same in a reasonable and ordinary manner for the purpose aforesaid, and that said lighter did without any fault or negligence whatsoever on the part of this defendant leak, fall-apart and sink as aforesaid; that this defendant then and there gave notice to the plaintiff of the said condition of said lighter and then and there, to-wit, the day last aforesaid, requested the plaintiff to repair same so that this defendant could complete the work with said lighter for which same was hired

as aforesaid or return the same to the plaintiff; and that the plaintiff then and there failed and refused to repair same and still doth fail and refuse so to do, and that the defendant then and there to-wit, at the date last aforesaid in the County and State aforesaid offered and tendered said lighter to the plaintiff and the plaintiff then and there refused to accept same."

To this amended fourth plea the plaintiff interposed a demurrer, which, omitting the formal parts, is as follows:

"Now comes the plaintiff in the foregoing cause and says that the fourth amended plea filed by the defendant is insufficient in law and he demurs to the same, and for good and substantial matters of law to be argued to the court sets forth as follows:

1st. Said plea sets forth no defense to the allegations in the declaration.

2nd. The said plea sets forth no contract based upon valuable consideration by which the plaintiff was to keep the lighter in repair.

3rd. Said plea admits that the personal property, the subject matter of this litigation, was in the exclusive possession of the defendant, and alleges no contract based upon a valuable consideration by which the plaintiff agreed to remain with the lighter and keep it in repair.

4th. Said plea admits that the defendant received the lighter and kept the same in his exclusive possession for a period of one month and fails to allege that prior to the sinking of the same any steps were taken by the defendant to prevent the same from sinking."

This demurrer was sustained by the trial court, whereupon, by agreement of the parties, the case was referred for trial and disposition to A. B. McMullen, Esquire, by

whom a judgment was rendered in favor of the plaintiff for the sum of $202.78, which judgment the defendant seeks to have reviewed here by writ of error.

Four errors are assigned, but the one chiefly relied upon and the most strenuously insisted upon before us is that the trial court erred in sustaining the demurrer to the amended fourth plea. There can be no question that the bailment in this case was for the mutual benefit of both parties. As we held in Coombs v. Rice, 64 Fla. 202, 59 South. Rep. 958, "Where a bailment is for mutual benefit, the bailee is held to the exercise of ordinary care in relation to the subject-matter thereof, and is responsible only for ordinary negligence. The bailee is not liable if the property bailed is injured by accident, or by some other means wholly without his fault; and, in the absence of some special stipulation, an injury to or loss of the property falls on the bailor." As is also said in 5 Cyc. 185, which we cited in support of the foregoing principle, the bailee "is not liable if the subject-matter of the bailment has been injured by some internal decay, by accident, or by some other means wholly without his fault, and in the absence of some special stipulation an injury to or loss of the property falls on the bailor." It will be observed that in the cited case it was sought to recover damages for the loss of the boat which had been hired by the defendant from the plaintiff, which loss was alleged to have been occasioned through the negligence of the defendant, while in the instant case it is sought to recover the amount alleged to be due the plaintiff from the defendant upon a contract for the hire of a lighter. See, also, West v. Blackshear, 20 Fla. 457. The following rule is laid down in 3 Amer. & Eng. Ency. Law (2nd ed.) 761, which would seem to be supported by the authorities: "A bailee for hire, where the use of the thing bailed is

the essence of the contract, impliedly undertakes to keep the thing in repair, and must bear such expenses as are incident thereto, unless the necessity for them arises from some defect in the thing against which the bailor has expressly or impliedly warranted it. Extraordinary expenses are charged upon the bailor, and the bailee, it seems, may compel reimbursement for them." As is said in 5 Cyc. 192, "Where the hired chattel is destroyed without fault of the bailee before the expiration of the period during which he was to have the use of it, he is, in the absence of express stipulations to the contrary, liable only *pro tanto* for the payment of the hire; but he may agree to terms that will compel him to pay the hire under any circumstances whatever." See Warth v. Mack, 79 Fed. 915, 51 U. S. App. 133, 25 C. C. A. 235. So, in 7 Amer. & Eng. Ency. of Law (2nd ed.) 307, it is said, "In general the rule seems to be that independently of special agreement, express or implied, the letter is not bound to make such repairs as are rendered necessary by ordinary wear and tear, but he is ordinarily bound to provide that the article hired should be in good condition to last during the time for which it is hired, and beyond that he is liable only for extraordinary expenses arising from unexpected causes." So, on page 6 of the work cited it is said: "The letter, by the bailment, impliedly warrants that the thing hired is of a character and in a condition to be used as contemplated by the contract, and he is liable for damages occasioned by the faults or defects of the article hired." We would also refer to the discussion in Higman v. Camody, 112 Ala. 267, 20 South. Rep. 480, which case we cited with approval in Dunwoody v. Saunders, 50 Fla. 202, 39 South. Rep. 965. While the plea now under consideration is not as carefully drafted as it might have been, we are of the opinion

that, tested by the foregoing principles, it is sufficient to withstand the attack made on it by the demurrer. It is contended by the plaintiff that even · if error was committed in sustaining the demurrer, it was not harmful to the defendant, as he had the same benefit from the testimony as if such plea had been permitted to stand. We have examined all the testimony adduced and find ourselves unable to agree to this contention. The remaining assignments question the sufficiency of the evidence to sustain the finding of the referee, but, in view of the conclusion which we have reached as to the erroneous ruling upon the demurrer, these assignments are not open to us for consideration.

Judgment reversed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.