CHAUNCEY COOMBS, *Plaintiff in Error,* v. R. R. RICE, *Defendant in Error.*

Opinion Filed December 22, 1914.

1. All points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration, but this principle has no applicability to and is not decisive of points presented upon a second writ of error that were not presented upon the former writ of error, and consequently were not before the appellate court for adjudication.

2. Where the allegations of a declaration show a relation of bailor and bailee for mutual benefit between the plaintiff and defendant, out of which relation there arose a duty to use ordinary care for the preservation of a boat, the subject of the bailment, and state that the "defendant did, by his negligence in fastening said boat or vessel, and leaving it unattended at a place exposed to imminent danger from fires, negligently permit said boat or vessel to be burned and destroyed by fire," a cause of action is stated, and in such case a recovery must be predicated upon proof, by a preponderance of the evidence, of the burning of the boat as a result of the particular negligence alleged, *viz.*: that the defendant was negligent in fastening the boat and leaving it unattended at the place where it was burned.

3. Where a bailment is for mutual benefit, the bailee is held to the exercise of ordinary care in relation to the subject matter thereof, and is responsible only for ordinary negligence.

4. In an action to recover damages for a negligent injury to property, if the evidence does not support the specific allegations of negligence from which the injury proximately resulted, a verdict for the plaintiff is unauthorized and should be set aside.

5. A charge or instruction to the jury should not impose a greater burden upon either the plaintiff or the defendant than the law requires.

Writ of Error to Circuit Court for Franklin County; John W. Malone, Judge.

Judgment reversed.

*Fred T. Myers* and *R. F. Burdine,* for Plaintiff in Error;

*C. H. B. Floyd* and *R. Don McLeod, Jr.,* for Defendant in Error.

SHACKLEFORD, C. J.—For the second time Chauncey Coombs has brought here for review by a writ of error a judgment recovered against him by R. R. Rice. For the opinion rendered on the former writ of error see Coombs v. Rice, 64 Fla. 202, 59 South. Rep. 958. As we have several times held, all the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration, but this principle has no applicability to and is not decisive of points presented upon a second writ of error that were not presented upon the

former writ of error and consequently were not before the appellate court for adjudication. See Ross v. Savage, 66 Fla. 106, 63 South. Rep. 145, where prior decisions of this court will be found. It is important, then, for us to ascertain and keep in mind just what points were determined upon the former writ of error. The pleadings and issues remained unchanged at the second trial, so as to them it is necessary to refer to our former opinion wherein they will be found stated. Our holding upon the former writ of error, was as follows:

"Where the allegations of a declaration show a relation of bailor and bailee for mutual benefit between the plaintiff and defendant, out of which relation there arose a duty to use ordinary care for the preservation of a boat, the subject of the bailment, and state that the 'defendant did, by his negligence in fastening said boat or vessel and leaving it unattended at a place exposed to imminent danger from fires, negligently permit said boat or vessel to be burned and destroyed by fire,' a cause of action is stated, and in such a case a recovery must be predicated upon proof, by a preponderance of the evidence, of the burning of the boat as a result of the particular negligence alleged, viz: that the defendant was negligent in fastening the boat and leaving it unattended at the place where it was burned.

Where a bailment is for mutual benefit, the bailee is held to the exercise of ordinary care in relation to the subject-matter thereof, and is responsible only for ordinary negligence.

In an action to recover damages for a negligent injury to property, if the evidence does not support the specific allegations of negligence from which the injury proximately resulted, a verdict for the plaintiff is unauthorized and should be set aside."

We would also refer to Williamson v. Phillipoff, 66 Fla. 549, 64 South. Rep. 269, wherein we cited Coombs v. Rice, *supra,* and approved and followed the principles of law therein enunciated. While additional testimony was adduced at the last trial, it was largely cumulative and throws but little, if any, additional light upon the issues being tried, so what we said in our former opinion concerning the evidence and its probative effect is equally applicable to this last trial. We still think that "negligence of the defendant in the particulars alleged in the declaration is not shown by the evidence." As reluctant as we are to disturb a second verdict rendered in favor of the plaintiff, since we are firmly convinced that the evidence adduced failed to measure up to the requirements which we laid down in our former opinion, the law of this case, we must do so and hold that the trial court was in error in overruling the motion for a new trial. There is no occasion for us to discuss the numerous errors assigned. We will add that the general charge given by the trial court imposed a greater burden upon the defendant as to the care required of him in the use and preservation of the boat than the law requires in the case of a hiring for a mutual benefit, such as was the contract upon this evidence. Again we would refer to our former opinion and to Williamson v. Phillipoff, *supra.*

Judgment reversed.

Taylor, Cockrell Hocker and Whitfield, J. J., concur.