Argued January 30, affirmed March 24, 1925.

# C. R. GARTRELL *v.* BEND GARAGE COMPANY.

(234 Pac. 260.)

**Livery-stable and Garage Keepers—Complaint for Loss of Automobile by Fire Held not to State Cause of Action.**

Complaint in action to recover for value of automobile destroyed by fire while in defendant garage-keeper's possession for repairs, merely averring that loss occurred because of defendant's delay in making the repairs, *held* not to state a cause of action, there being no allegation that fire was direct and proximate result of delay.

---

See (1) 28 **Cyc.** 43 (1926 Anno.).

From Deschutes: T. E. J. DUFFY, Judge.

Department 1.

AFFIRMED.

---

1. See 2 **R. C. L.** 1211.

For appellant there was a brief over the names of *Mr. W. P. Myers* and *Mr. R. B. Parsons* with an oral argument by *Mr. Parsons*.

For respondent there was a brief and oral argument by *Mr. R. S. Hamilton.*

BURNETT, J.—From the complaint we ascertain that the plaintiff was the owner of an automobile of the alleged value of $1,250.00 which he delivered to the defendant on July 12, 1922, for repairs thereon. He says in substance that it was agreed that the work should be carried on diligently and the car delivered to the plaintiff within a reasonable time; that he demanded possession of the same about 5 o'clock P. M. July 22, 1922, being at that time able, willing and offering to pay the repair bill, but by reason of the carelessness and negligence of the defendant it had not completed the repair work and was unable to deliver the automobile to the plaintiff. The complaint closes with this allegation:

"That plaintiff was unable to procure the said automobile from the defendant on the said 22d day of July, 1922, and was compelled, by reason of the carelessness and neglect of the defendant, and its failure to have the said automobile repaired, to leave the said automobile in the garage and repair shop of the defendant and shortly thereafter, to wit: about the hour of 6 o'clock P. M. on the said 22d day of July, 1922, and without any fault on the part of the plaintiff, a fire broke out in the repair shop and garage of the defendant and the said automobile of the plaintiff, together with the equipment thereon, was destroyed and rendered worthless and the defendant has never re-delivered the said automobile, together with the equipment thereon, or any part thereof, to the plaintiff, and by reason of the carelessness and neglect of the defendant to complete the repair work

on the said automobile and re-deliver the same to the plaintiff, the said automobile together with its equipment, was destroyed and rendered worthless, to the damage of the plaintiff, in the sum of Twelve Hundred and Fifty ($1250.00) dollars, the value of the said automobile together with the equipment thereon.''

The answer admits the delivery of the car for the purpose of having repairs made upon the same for which the plaintiff was to pay the reasonable value thereof; that a fire broke out in the repair shop and garage of defendant and that the automobile of the plaintiff was in the fire. Otherwise the complaint is denied. Other matter is averred in defense which it is deemed unnecessary to quote.

At the close of all the testimony the defendant moved the court that:

''the jury be directed to render a verdict for the defendant for the * * reason that if it be shown that the property was lost or destroyed in any manner it is shown conclusively that it is a matter that was beyond the consideration of the parties at the time that this mutual agreement was made in this, that the parties could not reasonably have contemplated that putting an automobile into a repair shop for repairs would result in the destruction of the automobile by fire; that it is the law that the parties contracting are presumed to take into consideration results which may ordinarily follow and natural consequences and breach of the contract; that it would not be within the contemplation of the parties that there should be an intervening cause such as a fire beyond the control of the parties; there is no charge of negligence in connection with the fire itself, and again that the charge is too remote to support a recovery of damages for the loss or destruction of the property in question.''

The court denied the motion and sent the case to the jury which returned a verdict for the defendant

and from the consequent judgment the plaintiff has appealed.

Succinctly stated, the plaintiff seeks to recover from the defendant because his automobile was destroyed by fire while in the defendant's possession without showing that the defendant was at all responsible for the fire. There is, of course, an issue in the case whether the defendant prosecuted the work of repairing the car with proper diligence but it is not averred and there is no proof that the want of diligence in making the repairs contributed in any way to the fire which caused the destruction of the car.

"It may be stated as a broad general rule that a wrongdoer is liable to the person injured in compensatory damages for all the natural and direct or proximate consequences of his wrongful act or omission, and conversely, * * that he is liable only for such consequences, and this rule is applicable in cases both of contract and of tort. As a corollary to these rules it follows that remote consequences of defendant's act or omission do not afford a proper basis for an award of damages. Hence, in case of injury to property, a defendant is liable in damages for the natural and proximate consequences of his wrong, so likewise in actions for personal injuries." 17 C. J. 728.

The text quoted is supported by a vast array of citations in the notes.

There is no pretense in pleadings or evidence that the defendant caused the fire or was in any way to blame for it. We cannot expect that tardiness in completing repairs on an article of personal property will naturally, or even ordinarily, result in its destruction by fire. The defendant was not employed to rescue the car from a fire that was otherwise reasonably certain to start and consume it. For want of an allegation showing that the fire was the direct

and proximate result of the defendant's alleged delay in making the repairs, the complaint did not state facts sufficient to constitute a cause of action for the destruction. of the car. Whatever damages resulted to the plaintiff by the burning of his car are too remote from the negligence which is charged against the defendant to support a cause of action. It is not necessary to consider the assignments of error relating to rulings on evidence or instructions to the jury.

The motion for a directed verdict for the defendant ought to have been allowed. The jury having returned such a verdict the judgment thereon was right. It is therefore affirmed.          AFFIRMED.

McBRIDE, C. J., and RAND and COSHOW, JJ., concur.