145 So.2d 498 (1962)
PEACOCK MOTOR COMPANY OF MARIANNA, INC., a Corporation, Appellant,
v.
Johnnie EUBANKS, Appellee.
No. D-252.
District Court of Appeal of Florida. First District.
October 4, 1962.
*499 Ben F. Barnes and W.A. Smith, Marianna, W. Dexter Douglass, Tallahassee, for appellant.
Virgil Q. Mayo and E.E. Callaway, Blountstown, for appellee.
STURGIS, Judge.
An action was brought by Eubanks against Peacock Motor Company of Marianna, Inc., to recover damages for the loss of personal property destroyed by fire while in defendant's possession as bailee.
The complaint charged, in substance: That on March 29, 1959, plaintiff delivered his automobile to defendant, a garageman, to make specified repairs thereon; that defendant "assured" plaintiff the repairs would be completed and plaintiff could "come and get" the automobile not later than March 31, 1959; that pending the repair plaintiff left certain personal property in the automobile upon defendant's assurance that "good care" would be taken of it; that in the course of making the agreed repairs defendant determined that the cam shaft was worn out and that a new one should be installed, which item of repair had not been authorized. Plaintiff alleges that the defendant, in violation of the contract of bailment, without notice and without offering to return the automobile to plaintiff, suspended work thereon, leaving the motor torn down, and ordered a new cam shaft; that on the night of April 2, 1959, defendant's garage burned and plaintiff's personal property left in the automobile was destroyed by the fire. Plaintiff alleges that said acts of the defendant constituted a breach of the contract of bailment and made it impossible for plaintiff to get his car out of said garage before it burned, and made possible the loss and destruction of plaintiff's car and its contents; that "but for such violation, he would not have sustained said loss of his car, and its contents." However, plaintiff's claim for damages did not extend to the loss of the car and is limited to the loss of personal property that was left therein.
Defendant's answer admitted the alleged contract of bailment, denied any breach thereof, and alleged that it was not guilty of negligence in the premises.
At the outset of the trial plaintiff announced that he did not seek to recover on the theory that defendant was guilty of negligence, but instead on the premise that the damages resulted exclusively from breach by defendant of the contract of bailment. At plaintiff's request the jury was instructed accordingly.
Upon the close of plaintiff's evidence in chief defendant's motion for a directed verdict on the ground of insufficiency of the evidence was denied. The jury returned a $1000.00 verdict for plaintiff. Motions of defendant for judgment n.o.v. and for a new trial were also denied and upon final judgment being entered, defendant sued out this appeal.
The critical point for decision is whether the evidence is adequate to support the verdict and judgment. As a corollary thereto, we must necessarily determine whether it was incumbent on plaintiff, under the facts in this case, to establish negligence of the defendant as the proximate cause of the alleged injury, and the effect of plaintiff's action restricting the issue to the question of whether there was a breach of the contract of bailment.
Construing the facts most favorably to the plaintiff, who was the only witness in his behalf, it appears that on Saturday, March 28, *500 1959, plaintiff took his automobile to defendant's garage where it was ascertained that certain repairs were necessary. Pursuant to agreement plaintiff left his automobile at defendant's garage on Sunday night, March 29, for those repairs to be made, with the understanding that defendant would not make any additional repairs without first obtaining plaintiff's consent. Plaintiff informed defendant that he had certain personal property in the automobile and defendant assured plaintiff that good care would be taken of it pending such repairs. Defendant also informed plaintiff that the repairs would be made and the car ready for delivery on Tuesday, March 31. In that regard plaintiff testified:
"I asked him [defendant's manager] what date it would be ready on, did not give him any ultimatum as to when it had to be ready. I asked him when it could be ready, and he told me just what I told you he said, that was his answer to me. I certainly gave him no ultimatum, he fixed the time and told me when it would be ready."
Defendant agreed to inform plaintiff by phone when the car was ready for delivery, but the repairs were not completed and defendant did not contact plaintiff until after a fire on Thursday night, April 2, which destroyed defendant's garage, together with the personal property forming the basis of this suit. Parenthetically, in the meantime plaintiff had made no effort to contact the defendant.
It is undisputed that in the course of making the authorized repairs defendant discovered that the cam shaft on the motor was worn out and required replacement and that such repair had not been authorized. Not having a new cam shaft on hand, defendant suspended work on the agreed repairs and ordered the part from Pensacola, Florida, with the obvious intent of becoming equipped to make such repair, but did not notify plaintiff of taking such action.
The record is devoid, however, of any evidence warranting the conclusion that the defendant, in the absence of the fire, would have installed the new cam shaft without first contacting the plaintiff and obtaining his consent. What the rights and liabilities of the parties might have been had that been done is altogether beside the issue in this cause, which turns on the question of whether plaintiff's loss resulted from a breach of the contract of bailment or from an intervening cause for which defendant is not liable. We hold that the evidence fails to support the verdict and that the court erred in denying defendant's motion for a directed verdict.
The transaction here was a bailment for mutual benefit, one in which the parties contemplated some price or compensation in return for the benefits flowing from the fact of bailment. As a general rule a bailee is not liable, in the absence of negligence or violation of his special contract, for loss in respect of the thing bailed, resulting from the inherent nature or some infirmity of that property, itself, disaster, or accidental casualty. Williamson v. Phillipoff, 66 Fla. 549, 64 So. 269, 52 L.R.A.,N.S., 412; Re Farmers State Bank, 67 S.D. 51, 289 N.W. 75, 126 A.L.R. 619. The bailee is not an insurer to the bailor for the loss of the property. Armored Car Service v. First National Bank of Miami (Fla.App.), 114 So.2d 431; Adelman v. M & S Welding Shop, Inc. (Fla.App.), 105 So.2d 802; Porter v. Izlar Motor Co., 134 Fla. 798, 184 So. 329; Williamson v. Phillipoff, supra; Coombs v. Rice, 64 Fla. 202, 59 So. 958; O'Brien v. Vaill, 22 Fla. 627, 1 So. 137; West v. Blackshear & Co., 20 Fla. 457; Kelly v. Wallace, 6 Fla. 690; Forsyth v. Perry, 5 Fla. 337.
In the leading case of Coombs v. Rice, supra, the Florida Supreme Court reversed a judgment in favor of plaintiff-bailor for failure to establish negligence on the part of bailee in relation to the subject matter of the bailment, a boat, which *501 was destroyed by fire, and as to which there was no special agreement constituting the bailee an insurer. The rule was stated as follows:
"Where a bailment is for mutual benefit, the bailee is held to the exercise of ordinary care in relation to the subject-matter thereof, and is responsible only for ordinary negligence. The bailee is not liable if the property bailed is injured by accident, or by some other means wholly without his fault; and, in the absence of some special stipulation, an injury to or loss of the property falls on the bailor. 5 Cyc. 184."
Paralleling the factual situation here presented is the case of Gartrell v. Bend Garage Co., 113 Or. 694, 234 P. 260. Gartrell's car was delivered to the defendant on July 12, 1922, for repairs. Defendant agreed that the work would be carried on diligently and the car delivered to plaintiff within a reasonable time. Plaintiff demanded possession on July 22, 1922, and offered to pay the repair bill, but the work had not been completed. Later in the day a fire occurred in defendant's repair shop and the automobile was destroyed. Plaintiff alleged that his loss was due to the carelessness and negligence of the defendant to complete the work in accordance with the agreement. Defendant's answer admitted the delivery of the car for the purpose stated and that it was destroyed by the fire and otherwise denied the complaint. At the close of the testimony the defendant moved the court to direct the jury to render a verdict for the defendant
"for the * * * reason that, if it be shown that the property was lost or destroyed in any manner, it is shown conclusively that it is a matter that was beyond the consideration of the parties at the time that this mutual agreement was made, in this: That the parties could not reasonably have contemplated that putting an automobile into a repair shop for repairs would result in the destruction of the automobile by fire; that it is the law that the parties contracting are presumed to take into consideration results which may ordinarily follow and natural consequences and breach of the contract; that it would not be within the contemplation of the parties that there should be an intervening cause such as a fire beyond the control of the parties; there is no charge of negligence in connection with the fire itself; and again that the charge is too remote to support a recovery of damages for the loss or destruction of the property in question."
The motion was denied, and the jury returned a verdict for the defendant. In affirming the judgment entered thereon, the Oregon Supreme Court said:
"`It may be stated, as a broad general rule, that a wrongdoer is liable to the person injured in compensatory damages for all the natural and direct or proximate consequences of his wrongful act or omission, and conversely, * * * that he is liable only for such consequences, and this rule is applicable in cases both of contract and of tort. As a corollary to these rules it follows that remote consequences of defendant's act or omission do not afford a proper basis for an award of damages. Hence, in case of injury to property, a defendant is liable in damages for the natural and proximate consequences of his wrong, so likewise in actions for personal injuries.' 17 C.J. 728.
"The text quoted is supported by a vast array of citations in the notes. There is no pretense in pleadings or evidence that the defendant caused the fire or was in any way to blame for it. We cannot expect that tardiness in completing repairs on an article of personal property will naturally, or even ordinarily, result in its destruction by fire. The defendant was not employed to rescue the car from a fire that was otherwise reasonably certain to start and consume it. For want of an allegation *502 showing that the fire was the direct and proximate result of the defendant's alleged delay in making the repairs the complaint did not state facts sufficient to constitute a cause of action for the destruction of the car. Whatever damages resulted to the plaintiff, by the burning of his car, are too remote from the negligence, which is charged against the defendant to support a cause of action. * * *
"The motion for a directed verdict for the defendant ought to have been allowed. The jury having returned such a verdict, the judgment thereon was right. It is therefore affirmed."
We follow the decision in that case.
For the reasons stated, the judgment appealed is reversed and this cause is remanded with directions to enter judgment for the defendant non obstante veredicto.
CARROLL, DONALD K., C.J., concurs.
WIGGINTON, J., concurs specially.
WIGGINTON, Judge (concurring specially).
I agree to the conclusion reached by the able opinion of Judge Sturgis that the judgment appealed must be reversed.
The majority opinion clearly sets forth the prevailing rule of law recognized in this state that a bailee for hire or mutual benefit is not the insurer of property bailed to him, and he will not be held liable for its loss unless it proximately results from his negligence.
Plaintiff in this case made it clear both by his complaint and by his announcement in open court that his theory of liability was not based upon the negligence of defendant, but solely upon violation by defendant of the contract of bailment which proximately resulted in the loss sustained by him. In support of this position plaintiff principally relies upon the decision rendered by the Supreme Court in Ferguson v. Porter, decided in 1850.[1] This decision stands for the proposition that a bailee is bound to follow such instructions as are given him by the bailor unless such instructions are inconsistent with the contract of bailment, and the bailee may be held liable for any injury resulting from a departure from such instructions. It was plaintiff's theory of his case that defendant was instructed to make only certain specific repairs to the automobile, and none others; that upon completion of the repairs plaintiff would be notified and he would come to the garage and retake his automobile; that in violation of this agreement, and contrary to plaintiff's instructions that no repairs was to be made other than those agreed upon, defendant elected to make further repairs by replacing a worn cam shaft; that the delay incurred in securing the cam shaft resulted in defendant's failure to complete the repairs within the estimated time; that as a result of such delay the repairs were never completed and plaintiff's property was destroyed when defendant's garage burned.
The record fails to reveal sufficient competent and substantial evidence to bring plaintiff's case within the rule announced in Ferguson. I find no proof to support the contention that had defendant not violated plaintiff's instructions by proceeding with unauthorized work that the repairs agreed upon would have been completed and the automobile made ready for redelivery to plaintiff who would have traveled from his home more than 100 miles away to defendant's garage and removed his automobile therefrom prior to the time it was destroyed by fire. To sustain the judgment we would have to infer from the evidence that the authorized repairs to plaintiff's automobile would have been completed, and based upon such inferences we would have to assume *503 that plaintiff would have been promptly notified that his automobile was ready for delivery, and to further assume that plaintiff would have traveled the distance from his home to defendant's garage and removed his automobile therefrom prior to the fire. Neither the jury nor the court may properly superimpose two independent assumptions upon an inference in order to establish a material fact in the case. A judgment thus predicated cannot be sustained but must be set aside. It is for these reasons, coupled with the reasons set forth in the majority opinion, that I agree the judgment appealed should be reversed.
NOTES
[1] Ferguson v. Porter, (Fla. 1850) 3 Fla. 27.