227 So.2d 528 (1969)
UNITED AIRLINES, INC., Appellant,
v.
W.E. JOHNSON EQUIPMENT COMPANY, Inc., Appellee.
No. 1989.
District Court of Appeal of Florida. Fourth District.
October 31, 1969.
*529 John H. Wahl, Jr., Miami, and Joseph P. Metzger, of Walton, Lantaff, Schroeder, Carson & Wahl, West Palm Beach, for appellant.
Gerald M. Walsh, of Walsh & Dolan, Fort Lauderdale, for appellee.
OWEN, Judge.
This case involves a question of whether a bailee for hire may maintain an action against the bailor for breach of implied warranty of suitability of the chattel for the bailee's known intended use of it.
United Airlines needed a means of loading and unloading wheelchair passengers to and from its planes at the Miami airport. This need was made known to appellee, W.E. Johnson Equipment Co., Inc., which leased one of its forklift type hoists to United to fill such need. The lease was on a month-to-month basis with appellee furnishing all necessary repair, service and maintenance in order to keep the equipment in good operating condition.
Fifteen days after entering into this arrangement, while the forklift type hoist was being used to deplane a passenger, it "free fell" to the ground causing the passenger to sustain serious personal injuries. After settling the passenger's claims, United sought indemnification from Johnson, on the basis of alleged negligence in performance of the maintenance contract and on the basis of breach of implied warranty of fitness of the equipment for its intended use. Upon trial, at the conclusion of all of the evidence, the court granted Johnson's motion for directed verdict on the issue of implied warranty. The jury verdict was favorable to Johnson on the negligence count and judgment was entered on the verdict. United assigns error to the directed verdict on the implied warranty count.
A bailor for hire impliedly warrants that the thing hired is of a character and in a condition to be used as contemplated by the contract, and is liable for damages occasioned by the faults or defects of the article hired. Williamson v. Phillipoff, 1914, 66 Fla. 549, 64 So. 269, 52 L.R.A.,N.S., 412. This seems to be in accord with the general rule stated in the secondary authorities. See 8 C.J.S. Bailments, § 25; 8 Am.Jur.2d, Bailments, § 144; Restatement of Torts, 2d, §§ 388, 407. As stated in 8 Am.Jur.2d, Bailments, § 144:
"It is the general rule that, in the absence of an agreement to the contrary, the bailor of a chattel to be used by the bailee for a particular purpose known to the bailor, impliedly warrants the reasonable suitability of the chattel for the bailee's known intended use of it."
Although the view we express here may appear to conflict with Brookshire v. Florida Bendix Co., Fla.App. 1963, 153 So.2d 55, we believe that our view is supported by Toombs v. Ft. Pierce Gas Co., Fla. 1968, 208 So.2d 615 and Williamson v. Phillipoff, supra.
The evidence in this case viewed most favorably to appellant was clearly sufficient to sustain a jury finding that appellee knew of the use to which United intended to put the forklift type hoist, that it was not suitable for such purpose, and that such breach of implied warranty directly resulted in the claim against United for which it was seeking indemnification. Consequently, it was error for the court to withdraw the issue of implied warranty from the jury.
Appellant's other point on appeal concerned denial of its motion to amend the pleadings to conform with the evidence, which we find to be without merit.
*530 The judgment is reversed and the cause remanded for a new trial solely on the implied warranty count.
Reversed and remanded.
CROSS, C.J., and REED, J., concur.