RAWLS, Judge.
Appellants-defendants have instigated the instant appeal from a jury verdict finding them both liable for the value of plaintiff’s glassware which was destroyed in a warehouse fire.
Defendant, Buccaneer, occupied the east one-third, and defendant, Florida Towing, the west two-thirds of a 180 by 90 foot corrugated metal warehouse. The warehouse area of the two companies was divided by a partition constructed of 4 by 8 inch studs with 8 inch tongue and grooved paneling. The partition extended from floor to ceiling with the exception of an 8 or 10 foot opening at the peak of the building which was covered with welded wire. The partition extended from wall to wall with the exception of a crack (i/¿ inch wide and 3 inches long) in one corner.
Plaintiff’s glassware was stored in the Buccaneer portion of .the warehouse awaiting shipment to the Bahamas. All parties agree that Buccaneer was a bailee for mutual benefit.
The fire was discovered at approximately 7 a. m. in the Florida Towing portion of the warehouse. The fire quickly spread, consuming the entire Florida Towing area and one-half to two-thirds of the area occupied by Buccaneer. The City of Jacksonville fire inspector testified that he had officially and informally visited the warehouse on numerous occasions, covering a span of time from his first visit in January 1968 to the last visit approximately two weeks prior to the fire on February 15, 1969. On each of these visits the inspector had found the nature of Florida Towing’s business to be a fire hazard. He had observed diesel engine parts, manila rope, drums containing petroleum products and oily mattresses and rags stored in a haphazard manner in the Florida Towing portion of the warehouse. The inspector explained to Florida Towing the hazardous nature of its operation and recommended a general cleanup. The fire inspector also investigated the Buccaneer portion of the warehouse and never had an occasion to make a critical comment about its condition.
The City’s fire marshal arrived on the scene the morning of the fire shortly after the alarm was sounded. He found in the debris of the Florida Towing portion of the warehouse a considerable amount of burned rags, manila rope and some acetylene tanks and gauges. From his investigation at the scene, the marshal concluded that the fire orginated in the Florida *828 Towing portion of the warehouse and the cause “probably” was spontaneous ignition of the conglomeration of oil on the rags.
Appellant-Buccaneer’s sole point on appeal is that the evidence does not support the contention that it failed to exercise ordinary care with respect to plaintiffs glassware while it was in Buccaneer’s possession as bailee for mutual benefit. We agree. In this State a bailee for mutual benefit is liable only for a failure to exercise ordinary care. Coombs v. Rice, 68 Fla. 499, 67 So. 143 (1914); and Peacock Motor Co. of Marianna v. Eubanks, 145 So.2d 498 (1 Fla.App.1962). In the instant case there has been no showing that Buccaneer as a bailee for mutual benefit breached its duty of care to plaintiff-bailor.
Appellee strenuously contends that Indamer Corp. v. Crandon, 196 F.2d 5 (5 Cir. 1952), controls. The facts set forth in Indamer are distinguishable. There, a bailee of an open hangar base voluntarily took precautions against the possibility of fire that might result from another tenant’s negligence. It is evident that no partition wall separated the ten tenants of the floor space in the building. Here, the respective spaces were clearly delineated by a permanent partition which created separate warehouse areas. Under the facts in the instant case, no duty was imposed upon Buccaneer requiring it to nose around its neighbor’s property. Further, were we to conclude that the facts recited in the In-damer case were here applicable, we are not persuaded that same correctly states the law of this jurisdiction.[1]
Appellant-Florida Towing contends that the evidence fails to support the jury verdict finding it negligent. After carefully reviewing the record, we conclude that ample competent evidence was adduced as to negligent acts and inaction on the part of Florida Towing and the trial judge properly submitted this issue to the jury.
The judgment appealed is affirmed as to Florida Towing and reversed as to Buccaneer.
Affirmed in part and reversed in part.
CARROLL, DONALD K., Acting C. J„ and WIGGINTON, J, concur.

. State courts are not bound to follow a decision of a federal court, even the United States Supreme Court, dealing with state law. 20 Am.Jur.2d, Courts § 225, p. 556 (1965).