369 So.2d 77 (1979)
Regina W. FORD, As Administratrix of the Estate of Ronald Charles Ford, Deceased, Appellant,
v.
HIGHLANDS INSURANCE COMPANY, a Corporation, and Hertz Equipment Rental Corporation, a Corporation, Appellee.
No. JJ-316.
District Court of Appeal of Florida, First District.
March 2, 1979.
Rehearing Denied April 19, 1979.
James T. Terrell and Wayne Hogan of Brown, Terrell & Hogan, Jacksonville, for appellant.
*78 Charles Cook Howell, III of Howell, Howell, Liles, Braddock & Milton, Jacksonville, for appellee.
ERVIN, Acting Chief Judge.
The appellant's decedent, Ron Ford, was electrocuted after running upon a truck crane whose boom had come into contact with an energized electrical wire on a construction site. Both the decedent and the truck crane operator were working for E.E. Huff Company on the construction project at the time. The appellant sued the appellee Hertz Equipment Rental Corporation, lessor of the truck crane, and appellee Highlands Insurance Company, Hertz's insurer, for Ford's wrongful death, on counts of negligence, strict liability and implied warranties of fitness and merchantability. The appellees filed a third party complaint against Huff Company and National Truck Corporation, which manufactured the truck crane.
The thrust of the appellant's case is that (1) Hertz negligently leased the truck crane without installing a "proximity warning device" on it, which would have visually and audibly warned the truck crane operator and others of dangerous, nearby wires, and without which, exposed the decedent to an unreasonable risk of danger; (2) Hertz breached an implied warranty of fitness for a particular purpose in leasing the truck crane, which was to be used around live wires, without installing the proximity warning device; (3) Hertz breached an implied warranty of merchantability because the truck crane, without the warning device, was not fit for the purposes for which it was leased; and (4) Hertz was strictly liable for the decedent's death because the truck crane, without the warning device, was defective.
After the presentation of appellant's evidence, the appellees moved for a directed verdict on all counts of the complaint. The trial judge granted the motion, stating, (1) as to strict liability, that "as a matter of law," the truck crane was not rendered defective by not having a warning device; (2) as to breaches of warranty, that "the law which controls this case ... must necessitate ... finding that this crane is fit for its intended purpose and particular purpose and merchantable without a proximity warning device;" (3) as to negligence, that the determinative question was whether Hertz had a duty to install the device on its truck cranes, and concluded, "as a matter of law" Hertz was not negligent.
The appellant argues that the appellees were not relieved as a matter of law from liability and that the "obvious danger" doctrine is no longer viable as a bar to products liability cases. The appellees argue that the "obvious danger" doctrine bars any recovery by appellant.[1]
After oral arguments in this appeal, the Florida Supreme Court ruled that the "obvious danger" doctrine, stated by this court to be the law in Farmhand, Inc. v. Brandies, 327 So.2d 76 (Fla. 1st DCA 1976), is no longer a complete bar to recovery under any theory of products liability in Florida. Auburn Machine Works Company, Inc. v. Jones, 366 So.2d 1167 (Fla. 1979). Since it appears the directed verdict was based on that now defunct doctrine, and since questions of fact suitable for jury determination exist, we reverse and remand for further proceedings not inconsistent with this opinion.[2]
MELVIN, J., and MASON, ERNEST E., Associate Judge, concur.
NOTES
[1] The patent danger doctrine states:

[T]he manufacturer of a machine or any other article, dangerous because of the way in which it functions, and patently so, owes to those who use it a duty merely to make it free from latent defects and concealed dangers... . If a manufacturer does everything necessary to make the machine function properly for the purpose for which it is designed, if the machine is without any latent defect, and if its functioning creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law's demands. Campo v. Scofield, 301 N.Y. 468, 471-2, 95 N.E.2d 802, 803-4 (1950).
[2] In addition to their general argument, appellees assert that a lessor is not liable in a suit for breach of implied warranties of merchantability, because the Supreme Court in Johnson Equipment Company v. United Airlines, Inc., 238 So.2d 98 (Fla. 1970), only stated that lessors were liable for breaches of implied warranties of fitness. We disagree. In that case, the plaintiff only sued for breach of an implied warranty of fitness; however, the Supreme Court stated that "[p]ublic policy demands that in this day of expanding rental and leasing enterprises the consumer who leases be given protection equivalent to the consumer who purchases." Id. at 100.