391 So.2d 808 (1980)
Lindsey FUTCH and Jackie C. Futch, His Wife, Appellants,
v.
RYDER TRUCK RENTAL, INC., Appellee.
No. 80-337.
District Court of Appeal of Florida, Fifth District.
December 31, 1980.
James W. Smith and C. Anthony Schoder, Jr., Daytona Beach, for appellants.
Chobee Ebbetts, Daytona Beach, for appellee.
ORFINGER, Judge.
The trial court dismissed appellants' third amended complaint with prejudice after ruling in the same order that the law of Maryland, including its doctrine of contributory negligence, would be the law applied in this case. Appellants contend that the trial court erred in dismissing with prejudice, as well as determining to apply Maryland law. We agree on both points and reverse.
From the third amended complaint, the allegations of which we assume to be true for the purpose of this discussion, we discern the facts which follow. Appellee Ryder is in the business of leasing trucks, and it leased a tractor to Ardmore Farms, Lindsey *809 Futch's employer, to be used to haul refrigerated trailers throughout the United States and Canada. The tractor was leased and serviced in DeLand, Florida. In order to check the refrigeration unit, it becomes necessary for the driver to periodically climb up on the rear of the tractor, between the tractor and the trailer, and this was known or should have been known to Ryder. Therefore, it is alleged, it was the duty of Ryder to equip the rear of the tractor with a cat walk, decking or deck plating, hand rails or steps to provide reasonably safe access and footing for the driver. It is further alleged that the absence of this equipment produced an unreasonable risk of harm when the driver was compelled to climb upon the narrow frame of the tractor or the rounded fuel tanks attached to its frame, producing an uneven and inadequate footing.
It was then alleged that the described defects caused appellant Lindsey Futch to fall from the tractor and suffer an injury while performing such inspection during a stop at a rest area on I-95 in Maryland. Suit was filed against Ryder and others on counts of negligence, breach of contract, breach of warranty and strict liability.
Although Ryder filed a motion for summary judgment in addition to a motion to dismiss, the motion for summary judgment was not ruled on. The motion to dismiss was grounded on the alleged absence of a duty from Ryder to Futch. Ryder alleged that because Futch was fully aware of the condition of the tractor and any defects therein were open and obvious, no cause of action was stated either in strict liability, general negligence or implied warranty. The trial court held that he would apply the law of Maryland including its doctrine of contributory negligence, and dismissed the third amended complaint with prejudice, without assigning any reason for the dismissal.
Appellee Ryder supports the order appealed from by saying that the trial court was correct in applying the lex loci delecti rule since the accident happened in Maryland. Ryder maintains that the trial court properly concluded that the plaintiff did not and could not allege the breach of a duty owed by defendant to plaintiff where plaintiff fell from that part of the tractor-trailer with which he was familiar, under the Maryland contributory negligence doctrine.
In fairness to the trial judge, the rule of lex loci delecti appeared to control this case when the order was entered. However, since that time, this court has held that the harsh rule of contributory negligence is contrary to the public policy of this state and should not be applied under the lex loci delecti rule. Olsen v. State Farm Automobile Insurance Co., 386 So.2d 600 (Fla. 5th DCA 1980). Shortly prior to oral argument in this case the Supreme Court rendered its opinion in Bishop v. Florida Specialty Paint Company, 389 So.2d 999 (Fla. 1980), receding from the inflexible lex loci delecti rule and adopting instead the "significant relationships test" as set forth in Restatement (Second) of Conflict of Laws (1971), §§ 145, 146. Under Bishop, it is clear that Florida has more significant relationships to this occurrence than does Maryland. The tractor was contracted for, delivered, serviced and maintained in Florida and any negligence or other breach of duty or of contract in not properly equipping it or in not properly maintaining it took place in Florida. The fact that the rig was stopped in Maryland when Futch fell from it is pure happenstance and does not connect Maryland to the accident. Thus, the trial court erred when it applied Maryland law to this incident.
But, says appellee, whether we apply the law of contributory negligence (Maryland) or comparative negligence (Florida), to state a cause of action a plaintiff must first allege the breach of a duty. Relying on Royal, Ryder contends no breach of a duty occurs when a product's danger is open and obvious to the user. Royal v. Black and Decker Manufacturing Co., 205 So.2d 307 (Fla. 3d DCA 1967), cert. den. 211 So.2d 214 (1968). Appellee asserts that here, if a cat walk, steps, platform or other equipment were not supplied and the driver had to *810 climb upon the narrow frame and rounded fuel tanks to check his refrigeration unit, this was obvious and well known to him, so there was no latent defect. Appellee says that Royal stands for the proposition that since a supplier has no duty to make an "accident proof" product, there is no breach of duty when a user is injured by a defect or danger which could have been avoided, but which is open and obvious to all.
In Royal, a workman was electrocuted when he attempted to connect the plug of a power drill into an extension cord. In the suit against the manufacturer of the drill, the plug was not shown to be unusual in any respect, but allegedly could have been designed in such a fashion as to make more remote a circumstance such as occurred there. An order dismissing the cause with prejudice was affirmed because "the plaintiff has failed to allege any facts from which reasonable men might conclude that the plug was unreasonably dangerous or defective." (emphasis supplied). Id. at 310. The court held that there was no requirement upon a manufacturer to make an accident proof or fool-proof product, but instead the concern was to protect the user from the unreasonably dangerous product or one fraught with unexpected danger.
The allegations here differ markedly from Royal. Here appellant alleged that the tractor was unreasonably dangerous because of the absence of the devices needed for safe footing in the light of Ryder's knowledge, actual or constructive, of the specific use to which the tractor would be put, and that it was defective. In Royal, the plug was not unusual, was not unreasonably dangerous and was not defective, but could have been made better. The factual situations are not the same.
The open and obvious nature of the defect does not eliminate the cause of action. As was stated by our Supreme Court in Auburn Machine Works Co., Inc. v. Jones, 366 So.2d 1167 (Fla. 1979):
The modern trend in the nation is to abandon the strict patent danger doctrine as an exception to liability and to find that the obviousness of the defect is only a factor to be considered as a mitigating defense in determining whether a defect is unreasonably dangerous and whether plaintiff used that degree of reasonable care required by the circumstances.
Id., at 1169.
The doctrine of Auburn Machine Works has been correctly extended to lessors of equipment in Ford v. Highlands Insurance Co., 369 So.2d 77 (Fla. 1st DCA), cert. den. 378 So.2d 345 (1979), and we apply it here. Consequently, the third amended complaint stated a cause of action against Ryder and should have been sustained. The order appealed from is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., J., and CLARK, HAROLD R., Associate Judge, concur.