FERGUSON, Judge.
Appellant-bailee was not liable for the damages to bailed property caused by the negligence of a third party. See Buccaneer Line, Inc. v. Owens-Illinois Inter America Corp., 258 So.2d 826 (Fla. 1st DCA 1972). However, the bailee is liable for the salvage value of the damaged property based on its failure to return the bailed property even in its damaged condition. See D & D Associates, Inc. v. Sierra Plastics, Inc., 570 S.W.2d 205, 206 (Tex. Civ.App.1978) (every bailment contract contemplates return of the property bailed, either in the same or altered form); see also Empire Tool Company v. Wells, 227 So.2d 76 (Fla. 4th DCA 1969) (constructive bailee has duty to preserve, restore, and account for bailed property).
With respect to damages, the trial court believed that the property had at least some salvage value, and therefore rejected appellant’s uncorroborated testimony that the property was a total loss. Since no one could determine the extent of damage, or salvage value, because bailee failed to return the property, and further, since bailee made no showing that it was impossible or impractical to return the goods, assessment of damages equal to the market value of the property on the date of loss was appropriate. McDonald Air Conditioning, Inc. v. John Brown, Inc., 285 So.2d 697 (Fla. 4th DCA 1973) (proper measure of damages for loss of personal property is its market value on the date of loss and not its replacement value); see also John Hancock Mutual Life Insurance Co. v. Mark-A, Inc., 324 So.2d 674 (Fla. 2d DCA 1975) (where damages cannot be precisely and mathematically determined the trial judge has reasonable discretion in making award).
The bailed property, an eighteen-year old boat trailer, was valued at $8,000-$10,000. The award of $15,000, based on the replacement value of the trailer, was erroneous.
We affirm in part, reverse in part, and remand with instructions to enter judgment for $10,000.