Fred T. GEORGE, Executor, Appellant,

v.

Fred TAYLOR et al., Appellees.

No. 15776.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 23, 1956.

Rehearing Denied Dec. 21, 1956.

Smoot & Smoot and Chas. H. Smoot, Wichita Falls, for appellant.

James E. Handy, Wichita Falls, for appellees.

MASSEY, Chief Justice.

H. F. Taylor died intestate in 1951. His wife, Fannie M. Taylor, died testate in 1955. Both deceased persons had children surviving them, but all of said children were born of previous marriages and there was no issue from the marriage of the aforesaid husband and wife.

When Fannie Taylor died the only property of which her estate consisted was an undivided one-half interest in and to a certain house and lot in Wichita Falls, Texas, the furnishings therein contained, and $4 in cash. Except for the insignificant amount in cash, the property consisted of said deceased's homestead, which was the community property of said deceased and her husband prior to date of the latter's death in 1951. She had continued to use the said property as her homestead up until the time she died.

In the latter part of 1955 the Executor obtained leave of the Probate Court of Wichita County to sell the aforesaid property and convert the same to cash. Such a sale was made (clearly with concurrence on the part of the heirs of H. F. Taylor), leaving the proceeds from said sale to be partitioned and apportioned between said heirs and the estate of Fannie Taylor. It was the contention of Fred T. George, Executor of the Estate of Fannie Taylor, that the 50% of the proceeds from the sale belonging to the heirs of H. F. Taylor should be taxable with a part of the debts of Fannie Taylor,—in particular with the funeral expenses and expenses incident to the last illness of Fannie Taylor. The Judge of the Probate Court disagreed and entered judgment finding that said 50% was not subject to any of said debts. The Executor for the Estate of Fannie Taylor excepted and gave notice of appeal to the District Court.

Upon trial de novo in the District Court of Wichita County, judgment to an identical effect was entered. From this judgment the Executor has perfected the appeal.

On the appeal so presented the Executor seeks reversal of the judgment of the District Court, and the rendition of a judgment by the Court of Civil Appeals charging what he terms "the community estate of H. F. and Fannie M. Taylor" with the costs of administration and with the expenses of last illness and funeral expenses of Fannie Taylor. In other words, the Executor wants one-half of all said costs and expenses taxed against the heirs of H. F. Taylor, so that the Estate will be liable for only one-half, rather than for all of said costs and expenses as provided by the judgment of the District Court.

The Executor predicates his contention upon the hereinafter emphasized part of Section 45 of the Probate Code, V.A.T.S.

(formerly Art. 2578), the whole of which reads as follows: "Community Estate. Upon the dissolution of the marriage relation by death, all property belonging to the community estate of the husband and wife shall go to the survivor, if there be no child or children of the deceased or their descendants; but if there be a child or children of the deceased, or descendants of such child or children, then the survivor shall be entitled to one-half of said property, and the other half shall pass to such child or children, or their descendants. *But such descendants shall inherit only such portion of said property as the parent through whom they inherit would be entitled to if alive.* In every case, the community estate passes charged with the debts against it." ·

As result of said language, so emphasized, the Executor contends that the interest of the heirs of the first deceased spouse is limited to that which would have been their ancestor's if he were alive rather than dead, *and* that since the property is community property which passes charged with the debts against it, hence the property rights vested in such heirs rested in trust (in the Executor) until partition is applied for and actually made, and then passed burdened by a pro rata debt obligation.

■ We cannot agree with the Executor. It must be remembered that the property in question was not community property after the death of H. F. Taylor. Property of that character depends upon several elements, an indispensable element being its joint ownership by a husband and wife. Where the relationship of husband and wife does not exist between the owners, they are ordinarily joint tenants. In this instance the property's character as "Homestead" persisted after H. F. Taylor died, for Mrs. Taylor survived. The character of the property as "Homestead" passed out of existence upon the death of Mrs. Taylor.

■ It must also be remembered that the property, as "the Homestead", was not subject to administration as a part of the estate of H. F. Taylor upon the occasion of his death. Whether the estate of H. F. Taylor was solvent or insolvent at the time he died, the homestead, in so far as his title therein appertained, descended and vested immediately in his heirs free of any of his debts (except as to indebtedness running against the "Homestead" as such, as for instance purchase money due upon it or other constitutional lien), but subject to its use and occupancy by his wife, as the surviving constituent of the family. The premises, from that moment, became the joint property of Mrs. Taylor and the heirs of her deceased husband. Greene v. White, 1941, 137 Tex. 361, 385, 153 S.W.2d 575, 588, 136 A.L.R. 626, 642. Since there was a surviving constituent of the family after the death of H. F. Taylor, the exemption of "the Homestead" from debts was a continuing and permanent one adhering to the land, not merely to any person's homestead right in the land. The same thing is true regardless of whether it be a husband or wife who survives, and likewise if there be some other constituent entitled to receive "the Homestead".

■ The homestead right is not inherited as such. It descends and vests only when there are constituents of the family surviving, and then not because they are heirs or because the exemption existed in the deceased, but because of the Constitution and the statutes. And the homestead property, so exempted from general debts of a deceased, descends to and vests in the heirs in such manner only when there survives a constituent of the family. If no constituent of the family survives a deceased, then the deceased's interest in said property descends to the heirs subject to his or her debts. Only as to the interest of such a deceased, however, is the property to be subjected to general debts, including expenses of last illness and burial expenses.

In this connection see Simkins Administration of Estates in Texas, Third Ed., secs. 168, 169, and 170, and cases therein cited.

■ ■ In the instant case the subject property was never chargeable with the debts of H. F. Taylor, though any other part of his estate which was the community estate of himself and his wife might have been. The reason this was so was because of its special homestead status. His property interest therein descended to his heirs free of any debt. It was no longer community property after it so descended, for the part inherited by the heirs was vested in them, subject only to his wife's right of "Homestead". Such part did not descend to the heirs subject to any general debt of the wife or of her estate, existing or prospective. Since there was no constituent member of her family living on the premises when Mrs. Taylor died, her right of "Homestead" died with her. While she lived, her right of "Homestead" was an intermediate estate delaying any right of partition or possession on the part of the heirs of H. F. Taylor, though their rights were otherwise vested and descended to them free of debt.

■ Our holding is not to be construed to relate to property which is, or might have once been, "community property" other than "Homestead", for it is not necessary to consider such question. It is to be remembered that from and after the death of her husband Mrs. Taylor owned an undivided one-half interest in and to the property as a tenant in common with the heirs of her husband (or at least in co-tenancy so far as requirements of rules relating thereto permit—in light of the requirement of possession as to the Homestead). Her estate was separate and not in community with said heirs as it had formerly been with her husband. Community estates are possible only between husband and wife and the character necessarily changes upon the death of either. See 11 Tex.Jur., "Cotenancy", p. 419, sec. 12, "The Homestead".

■ ■ We do not mean to say that the Executor of the estate of Fannie Taylor would have no right to claim anything of the heirs of H. F. Taylor under the circumstances of this case. However, the nature of the suit from which this appeal was taken was one in partition, in the trial of which the court had the authority to adjust and enforce between the cotenants every conceivable equity relating to the parties and the property. The decree partitioning the property will conclusively be presumed to have properly adjusted any other claims of the part owners since no attack is made upon said decree in any respect other than upon the premise hereinabove discussed. See 32 Tex.Jur., "Partition", p. 172, sec. 25, "Adjustment of Equities or Claims of Parties".

The judgment is affirmed.