Clay J. HERBSLEB, d/b/a Contractors In-dustrial Service Engineers, Appellant,

v.

George DUTY, d/b/a Duty Construction Com-pany and Duty Construction Com-pany, Appellee.

No. 4113.

Court of Civil Appeals of Texas.

Waco.

April 25, 1963.

L. H. Lynch, Houston, for appellee.

McDONALD, Chief Justice.

Plaintiff Herbsleb brought this suit against defendant Duty for 2 weeks' rental fee of a bulldozer in the amount of $525., and for $300. attorneys' fees. Plaintiff swore to his petition. Defendant answered by general denial. Trial was before the court without a jury, which, after hearing, entered judgment for plaintiff for the $525. bulldozer rental, and found that plaintiff was not entitled to recover attorneys' fees.

Plaintiff appeals, contending that the trial court erred in holding that attorneys' fees cannot be awarded under Article 2226, T.R. C.S., Vernon's Ann.Civ.St.

Article 2226, T.R.C.S. reads:

"Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or in-jured, *or suits founded upon a sworn account or accounts,* may present the same to such person * * * and if * * * not been paid * * * may also recover, in addition to his claim and costs, a reasonable amount as attor-ney's fees, * * *."

Plaintiff's claim is for $525. for rental of a Caterpiller dozer. Rentals of equip-ment are not expressly covered by the stat-ute. Plaintiff cannot recover attorney's fees unless his suit was "founded upon a sworn account."

The fact that plaintiff swore to his pleading, does not make such suit "one upon a sworn account."

Our Supreme Court in Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75 holds:

"* * * Respondent contends that the above language of Article 2226 means that an attorney's fee is recoverable if suit is upon a sworn account as defined by Rule 185, Texas Rules of Civil Procedure. This rule is not a rule of substantive law but is a rule of procedure with regard to evidence necessary to establish a prima facie right of recovery or defense, and is not the basis for any cause or causes of action.

* * * a sworn account is defined according to its popular sense and applies only to transactions between persons, in which there is a sale upon one side and a purchase upon the other, whereby title to *personal* property passes from one to the other, * * *."

It follows that attorney's fees in a suit for rentals of equipment are not provided for by Article 2226, and the fact that plaintiff swears to its petition, cannot constitute such action "a suit founded upon a sworn account", within the meaning of Article 2226, T.R.C.S.

Plaintiff's point is overruled and the judgment of the trial court is affirmed.