**READER'S WHOLESALE DISTRIBUTORS, INC., Appellant,**

**v.**

**Phillip HANDEL, d/b/a S & H Refrigeration & Air Conditioning Co., Appellee.**

**No. 4560.**

Court of Civil Appeals of Texas.

Waco.

Dec. 22, 1966.

———◆———

Ross, Banks, May & Cron, John A. Cavin, Houston, for appellant.

Phillip Handel, Houston, for appellee.

### OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff, Reader's, Inc. from a take-nothing judgment against defendant Handel, in a suit on a sworn account.

Plaintiff sued defendant on a sworn account for $4,109.94 for air conditioners sold to defendant. Defendant denied the account under oath, and asserted he was not indebted to plaintiff.

Trial was to the court without a jury which entered judgment that plaintiff take nothing. The trial court filed findings and conclusions pertinent of which follow:

*FINDINGS OF FACT*

1) Plaintiff negotiated the sale and sold the air conditioning units to the owners of Graustark Apartments.

2) Plaintiff knew at the time of negotiation and at the time of sale that defendant was acting as serviceman for installation of the units sold to the owners of the apartments.

3) Defendant at the times prior and subsequent to the sale of the units, disclosed to plaintiff he was acting for the owners of the apartments.

4) Defendant was never an authorized dealer of plaintiff.

5) Plaintiff had numerous conferences directly with the manager of Graustark Apartments for financing and payment of the air conditioning units.

6) Plaintiff, prior to sale, never checked the credit standing of defendant.

7) Plaintiff, prior to the sale, never extended credit to defendant except through credit balances which defendant had aquired for his labor on warranty replacements of defective air conditioners.

8) Plaintiff relied solely on the representation of the owners of Graustark Apartments that the air conditioners would be paid for before making delivery.

9) Plaintiff knew at all times that defendant was acting for the owners of Graustark Apartments.

The trial court concluded that defendant was not personally liable to plaintiff.

Plaintiff appeals, contending there is no evidence to support the trial court's findings 1, 2, 3, 5, 6, 8 and 9, and that same are against the weight and preponderance of the credible evidence.

Plaintiff is a wholesale distributor for Westinghouse. Defendant is an installer and servicer of air conditioning equipment. Graustark Apartments were equipped with Westinghouse air conditioners which defendant had been servicing. Plaintiff agreed to repair some of the equipment, and defendant received money for taking the air conditioners out of the apartments, and reinstalling them after they were repaired. Defendant made certain repairs on some of the equipment, and the manager of Graustark Apartments furnished the money to pay plaintiff for parts used in such repairs. Thereafter, Graustark Apartments needed 19 new air conditioners; defendant talked to plaintiff about such situation, and plaintiff delivered the air conditioners to Grau-stark Apartments, but billed same to defendant. Plaintiff has never been paid for the air conditioners.

Plaintiff's manager testified that defendant admitted owning the account, and plaintiff billed the air conditioners out as "sold to" defendant.

Defendant testified he "never agreed to pay for these. I never had any credit at Reader's. I never assumed any liability for these air conditioners"; and the understanding was between plaintiff and defendant that the "financing was supposed to have been between plaintiff and Graustark."

The record reflects defendant was not to make a profit off the sale, but was to receive only labor charges of $10 per unit for installing them.

There is evidence that plaintiff negotiated directly with the apartment owners, and that there was discussion of the owners executing a note calling for payments to plaintiff; and that plaintiff wrote the apartment owners requesting payment, and threatening suit unless payment be made.

Plaintiff's sworn account was denied under oath by defendant, thus plaintiff was put to proof of its claim by legal and competent evidence. Earnest & Co. v. Word, 137 Tex. 16, 152 S.W.2d 325; Marr v. Craddock, Tex.Civ.App., 406 S.W.2d 278.

The trial court believed the evidence favorable to defendant, and we think such evidence ample to sustain the trial court's findings and judgment.

All plaintiff's points and contentions are overruled.

Affirmed.