TULOMA RIGGING, INC., Appellant,

v.

BARGE & CRANE RENTALS, DIVISION OF HOUSTON SHELL & CONCRETE, DIVISION OF McDONOUGH CO., Appellee.

No. 404.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 18, 1970.

Rehearing Denied Dec. 9, 1970.

Quinnan H. Hodges, Frank B. Davis and Thomas L. Schubert of Andrews, Kurth, Campbell & Jones, Houston, for appellant.

Mark W. White, Jr. of Reynolds, White, Allen & Cook, Houston, for appellee.

BARRON, Justice.

This is an appeal from a summary judgment rendered in favor of the appellee, Barge & Crane Rentals.

In January, 1969, the appellant, Tuloma Rigging, Inc., agreed to rent a crane from the appellee to be used in appellant's business operation. The crane was delivered to appellant's work site on January 12, 1969 and became inoperable because of an accident on the following day. The appel-lee was informed of the accident and its agent inspected the damaged crane. Each month from the date of the accident until the crane was repaired and returned to the appellant, the appellee charged the appellant a $3,000 rental fee. The appellee filed suit for the payment of the rental fees and for attorney's fees. Appellee's petition alleged that the attached invoices constituted an account for goods and material furnished to the appellant in the form of rented machinery and that the account was past due. This petition was verified in accordance with Rule 185, Texas Rules of Civil Procedure. In a supplemental affidavit, appellee alleged without specifying specific facts, a past course of dealing with the appellant to the effect that the rental payments were due for all months in which a crane is in the possession of the appellant. The answer of the appellant consisted of first, a general denial; secondly, an allegation that the contract in question provided for rental fee of the cranes from month to month as it was being *used* by appellant and did not provide for rental payment for any period of time during which the crane was damaged and inoperable and of no use to appellant; thirdly, an allegation that this was not a suit upon a sworn contract but a suit for rental of an object of machinery about which there is a genuine issue of material fact as to liability for the rentals. Fourth, there was a statement that the appellee's claimed account was "not true." The president of the appellant corporation executed an affidavit wherein he swore that he was personally cognizant of the matters recited in the appellant's answer and that "the facts stated herein * * * and all of the statements in the foregoing pleadings are true and correct."

On appeal, the appellant contends that appellee's suit is not founded upon a sworn account, but upon a special contract concerning which there are genuine issues of material fact. In the alternative, it is contended that if appellee's suit is properly

**512**

founded upon a sworn account, the summary judgment was improper because appellant filed denials pursuant to Rule 185, T.R.C.P. In the third and fourth points of error the appellant contends that attorney's fees were not properly included within the summary judgment. The appellee, however, agreed to a remittitur and release as to the attorney's fees allowed in the judgment for purposes of this appeal.

■ If the suit was filed upon a sworn account, different problems might arise. The oath attached to appellant's second amended answer in which appellant denies on personal knowledge the truth of appellee's sworn allegations does not track Rule 185, T.R.C.P. and particularly does not deny that the charges are just. However, we have concluded that this is not a suit properly founded upon a sworn account but rather upon a special contract between the parties, the terms and conditions of which are in dispute, and that there exist genuine issues of material facts as to the appellant's liability. It has been held in Texas that suits to recover fees or charges for rental of equipment are not suits founded upon sworn accounts. Herbsleb v. Duty, 367 S.W.2d 958, (Tex.Civ.App.), no writ. And in the recent case of Tenneco Oil Company v. Padre Drilling Company, 453 S.W.2d 814, 818, (Tex.Sup.), it was held by the Supreme Court that a suit is not founded upon a sworn account or accounts unless the facts show a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to another. The suit involved Art. 2226, Vernon's Ann.Civ.St. for recovery of attorney's fees, but the statute authorizes such a suit if it is founded upon a sworn account or accounts. We see no distinction on that point. See Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75, (Tex.Sup.); Van Zandt v. Fort Worth Press, 359 S.W.2d 893, (Tex.Sup.); McCamant v. Batsell, 59 Tex. 363, (Tex.Sup.). Under the circumstances we hold that this suit is not founded upon a sworn account, and that we must look to the verified pleadings, admissions and affidavits in the record for determination of this case. Rule 166–A, T.R.C.P. We recognize that the burden of proof on the controlling issues is on the appellee movant, who must show as a matter of law that the movant is entitled to judgment. As distinguished from the ordinary case, the burden of proof in a summary judgment proceeding may be substantially reversed depending upon the position of the movant. See Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47, (Tex.Sup.).

Appellant in its verified second amended answer alleged that appellant is not indebted to the appellee for the charges alleged in appellee's sworn petition unless such charges were made pursuant to an oral agreement between the parties whereby appellant agreed to pay monthly crane rentals as the crane was being *used* by appellant in appellant's business. Further, it is alleged that the appellant paid appellee crane rentals during the entire period of time the crane was being used by appellant in its business in accordance with the oral agreement. There also are allegations by appellant that there was no obligation by appellant to pay crane rental for any period during which the crane was damaged, inoperable and of no use to the appellant and that appellant owes no rentals to appellee. The invoices attached to appellee's pleadings were specifically denied as "true," because during the period of time the crane was damaged the appellant had no use of the crane. It was alleged that the crane was damaged on January 13, 1969 and was inoperable for use by appellant. Appellee was immediately notified of the damage and appellee's agent inspected the damages shortly thereafter; that the crane damage was caused by an unavoidable accident and that the damage was not caused by the fault or negligence of the appellant.

We think it is the law that if a lessee, without fault, is denied useful possession of the leased property, the purpose of the lease agreement is so frustrated as to discharge lessee of his obligation further to pay rent. A mutual benefit bailee is not liable if the subject-matter of the bailment has been injured by some internal decay, by accident, or by some other means wholly without his fault, and in the absence of some special stipulation, an injury to or loss of the property usually falls on the bailor. The bailee, however, is required to exercise ordinary care to preserve and protect the bailed property in the absence of agreements providing otherwise. Williamson v. Phillipoff, 66 Fla. 549, 64 So. 269. See also Norman v. Stark Grain & Elevator Co., 237 S.W. 963, 966, (Tex. Civ.App.), writ ref.; White v. Steele, 33 S.W.2d 224, (Tex.Civ.App.), no writ; 8 C.J.S. Bailments § 36 b, pp. 454–455. In the present case appellant's allegations, upon which appellee offered no proof by affidavit or otherwise in this particular, show that the oral agreement was to the effect that appellant agreed to pay rentals for the use of the crane only while it was being possessed and used in appellant's business operations. It is not for us to decide the correctness of such issue and similar issues in this summary judgment proceeding.

Appellee cites such cases as Alice Pipe & Supply Co. v. Harroun, 195 S.W.2d 852, (Tex.Civ.App.), writ ref., n. r. e., in support of its position. That case is not in point since there was in such case a holding-over situation which is not present in this case.

Under the circumstances, it is unnecessary that we discuss attorney's fees allowed by the trial court.

Believing that controlling issues of fact are present in this case and that the trial court erred in granting summary judgment, we reverse and remand this case to the trial court for further proceedings.