Judy LIFSON, Appellant,

v.

Sam Y. DORFMAN, Jr., Appellee.

No. 4585.

Court of Civil Appeals of Texas, Eastland.

Feb. 16, 1973.

Rehearing Denied March 9, 1973.

Carter, Jones, Magee, Rudberg, Moss & Mayes, Morton A. Rudberg, Dallas, for appellant.

Daugherty, Bruner, Lastelick & Anderson, Jerry Lastelick and James R. Hilliard, Dallas, for appellee.

BROWN, Justice.

Judy Lifson seeks damages for the decline in value of securities awarded her in divorce proceedings against her former husband, Sam Y. Dorfman, Jr. Dorfman filed a counterclaim against Lifson and also a third party action against R. Guy Carter and Morton Rudbert, attorneys for Lifson, for damages resulting from an alleged wrongful garnishment. At the close of all the evidence in the jury trial, instructed verdicts were granted that denied recovery for either party. Both Lifson and Dorfman appeal.

The controversy between the parties is an outgrowth of the former divorce proceeding. The judgment in the divorce action partitioned numerous properties, both real and personal, including securities. It additionally granted Lifson a money judgment against Dorfman. At that time the securities were either issued in Dorfman's name and held for safe keeping at the office of his stockbroker or held by the broker in "street name" for Dorfman's account. Following entry of the judgment, Dorfman perfected an appeal but being unable to agree with Lifson as to the value of the securities, he posted a supersedeas bond only as to the money judgment. Prior

to the posting of the bond and during the appeal, Lifson obtained a writ of execution and a writ of possession in an effort to satisfy the judgment.

Between the time of the judgment of divorce and the issuance of the writ of execution and the writ of possession, the stock market deteriorated and the securities depreciated in value. After Lifson obtained her securities, she filed a writ of garnishment against the stockbroker thereby impounding Dorfman's half of the securities. Shortly thereafter, the supersedeas bond was filed and Dorfman intervened in the garnishment proceedings for the purpose of obtaining a dismissal.

The trial court having instructed a verdict in favor of Dorfman, to be correct, there must be no evidence having probative force upon which a jury could have made a finding in favor of Lifson. Anderson v. Moore, 448 S.W.2d 105 (Tex. Sup.1969). To make this determination all evidence must be considered in the light most favorable to Lifson and every reasonable inference deducible from the evidence is to be indulged in her favor. Seideneck v. Cal Bayreuther Associates, 451 S.W.2d 752 (Tex.Sup.1970); Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S. W.2d 60 (1953).

Lifson contends her right of recovery is supported by either one or all of three theories: (1) conversion; (2) detention of properties pending appeal; or (3) equitable estoppel. The Texas courts in defining conversion and in indicating the elements thereof have stated as follows:

"Conversion is the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner." Sunray Enterprises, Inc. v. Rosenaur, 335 S.W.2d 670 (Tex.Civ.App.—Dallas 1960, writ ref'd n. r. e.).

"A conversion has been defined as any distinct act of dominion wrongfully exerted over another's property, in denial

of his right or inconsistent with it. The test is whether the wrongdoer has exercised a dominion over the property in exclusion or in defiance of the plaintiff's rights." Holland v. Lesesne, 350 S.W.2d 859 (Tex.Civ.App.—San Antonio 1961, writ ref'd n. r. e.).

Lifson urges the language in Fenberg v. Fenberg, 307 S.W.2d 139 (Tex.Civ.App.— Amarillo 1957, no writ hist.), where the Amarillo Court stated:

"It is not necessary to a conversion that there should be a manual taking of the thing in question by the defendant; it is not necessary that it should be shown that he applied it to his own use. Does he exercise a dominion over it in exclusion or in defiance of plaintiff's right? If he does, this is in law a conversion."

The uncontroverted facts show that during the eleven year marriage Dorfman acted as manager of the community estate. The divorce judgment partitioned the securities among other assets to the parties "share and share alike as tenants in common, and each of the parties hereto is hereby vested with fee simple title to and right of possession in equal undivided interest in such properties." There is no evidence in the record that Dorfman issued any instruction to the stockbroker not to transfer the securities to Lifson nor is there any evidence that Lifson made demand for delivery of the securities. The securities remained with the stockbroker until Lifson availed herself of court process to secure possession of them.

An indispensable element of community property is a joint ownership of such property by a husband and wife. George v. Taylor, 296 S.W.2d 620 (Tex. Civ.App.—Fort Worth 1956, writ ref'd n. r. e.). The trial court partitioned the securities share and share alike as tenants in common. In Sparks v. Robertson, 203 S. W.2d 622 (Tex.Civ.App.—Austin, writ ref'd), the Court stated:

"An essential element of cotenancy is the present right of possession."

There is no evidence that Dorfman exercised a dominion over the securities in exclusion or defiance of Lifson's rights and there is no evidence that Lifson exercised her immediate right of possession of the securities. Therefore, Lifson's first two theories must fail.

In Barfield v. Howard M. Smith Company of Amarillo, 426 S.W.2d 834 (Tex.Sup.1968), the Texas Supreme Court stated:

> "A party claiming an estoppel must have used due diligence to ascertain the truth of the matters upon which he relies in acting to his detriment. * * * One of the requirements of estoppel is that the party claiming the estoppel was without knowledge, or the means of acquiring knowledge, of the facts which the party to be estopped is alleged to have represented by his acts, conduct or silence. * * * 'Where the real facts were known to a person or were open for his convenient ascertainment, he was not justified in relying on representation pertaining thereto and he cannot effectively say that he was misled or deceived by such representations.' * * * "

Lifson argues that Dorfman promised to file a supersedeas bond. A bond was filed as to the money judgment. The evidence shows that the amount of the supersedeas bond as to the securities was never agreed upon even after extended negotiations nor was the amount fixed by the court after proper hearings. There is no evidence Dorfman or his representatives ever stated a specific amount for which the bond would be posted. Lifson and her representative knew the real facts including the location of the securities.

In 31 C.J.S. Estoppel § 71, at page 431 it is stated:

> "There can be no equitable estoppel where the complainant's act appears to be rather the result of his own will or

judgment than the product of what defendant did or represented."

Lifson may not now benefit from her inactivity. We agree with the trial court's action in granting the instructed verdict in favor of Dorfman.

The correctness of the trial court's action in instructing a verdict against Dorfman on his cause of action for wrongful garnishment is determined by the applicability of the doctrine of res judicata.

Prior to the present action, Lifson instituted a garnishment proceeding against the stockbroker. Dorfman voluntarily intervened, alleging Lifson and her attorneys were aware of assets belonging to him sufficient to satisfy the divorce judgment, that sufficient grounds for making the sworn application did not exist and that the allegations were false, that he was damaged by having to incur attorney's fees for which he should recover as well as court costs, and that the garnishment should be dismissed. The garnishment suit was tried, and a dismissal resulted with all costs, including the attorneys' fees for the garnishee, taxed against Dorfman.

Under the doctrine of res judicata, a judgment of a court of competent jurisdiction is final and a bar to another trial as between the parties not only as to matters actually determined but as to every other matter which the parties might have litigated and had decided in the cause. Ellison v. McGlaun, 482 S.W.2d 304 (Tex. Civ.App.—Amarillo 1972, writ ref'd n. r. e.). The Amarillo court stated:

> "The proper approach in deciding whether a former judgment is res judicata of a later suit between the same parties and those privy to the judgment is to determine from the record what matters of fact and law were involved. The record should speak for itself."

Examination of this record shows only an enlargement of the damage claim

of Dorfman as reflected in the garnishment proceedings. We agree that the trial court was correct by instructing a verdict against Dorfman.

Having considered all points of error presented and finding none with merit, the trial court is affirmed.