**EVANS ADVERTISING AGENCY, INC., Appellant,**

v.

**Randy MORPHEW, dba Aamco Transmissions, Appellee.**

**No. 816.**

Court of Civil Appeals of Texas, Tyler.

May 22, 1975.

Thorne, Avery & Greer, DeEdward J. Greer, Houston, for appellant.

Sharp, Ward & Ross, T. John Ward, Longview, for appellee.

McKAY, Justice.

Evans Advertising Agency, Inc. as plaintiff brought suit against Randy Morphew, dba Aamco Transmissions, defendant, in an action on a sworn account alleging that "goods, wares, merchandise and services" were sold and delivered to defendant at his special instance and request for advertising services. Defendant filed a verified denial, denying that each and every item was just and true and further denying that the items

sued for were goods, wares, merchandise or services within the meaning of Rule 185, Texas Rules of Civil Procedure. Plaintiff asked for no alternative relief. Trial was before a jury and at the close of plaintiff's evidence, the trial court granted defendant's motion for instructed verdict and entered judgment for defendant. We affirm.

In 1966 defendant obtained a franchise from Aamco Transmissions to operate a transmission repair service in Longview, Texas. As part of the terms of the franchise agreement, which is not in the record, defendant was required, according to his testimony, to take part in an advertising program, and he was thereafter contacted by Evans Advertising and told that it would be handling the placement of his advertising. The record reveals that plaintiff-Evans placed advertising in behalf of the defendant with radio and television stations and then billed defendant on Evans' own invoices for the cost of the ads. Defendant testified that he never ordered the advertisements from plaintiff and that he never had any contact with any radio or television station. The record does show that defendant paid many of the invoices sent him by plaintiff but that he repeatedly complained that the cost was excessive and must be reduced. There is an exhibit in the record designated "Appointment and Agreement between Mr. Randy Morphew, DBA Aamco Transmissions Shop, 105 Standard, Longview, Texas (Advertiser) and Evans Advertising Agency, Inc. of Houston, Texas (Agent)," which was never executed by defendant.

Plaintiff brings several points of error which concern the basic questions of (1) whether this suit is properly brought under Rule 185, T.R.C.P., as a sworn account, (2) whether evidence of performance or delivery of services was presented, and (3) whether business records not admitted, should have been admitted to show performance or delivery.

A directed verdict is proper only if there is no evidence to support a necessary

issue. McEachern v. Glenview Hospital, Inc., 505 S.W.2d 386 (Tex.Civ.App.—Ft. Worth, 1974, no writ); Lifson v. Dorfman, 491 S.W.2d 198 (Tex.Civ.App.—Eastland, 1973, n. r. e.). In reviewing the validity of an instructed verdict, all the evidence and inferences therefrom must be viewed in the light most favorable to the losing party. Thomas v. T. C. Bateson Co., 437 S.w.2d 386 (Tex.Civ.App.—Dallas, 1969, n. r. e.).

 Rule 185 is a rule of procedure with regard to the evidence necessary to establish a prima facie case and is not the basis for any cause or causes of action. Vahlsing Christina Corp. v. Ryman Well Service, Inc., 512 S.W.2d 803 (Tex.Civ.App.—Corpus Christi, 1974, no writ); Wilkinson v. Texas Employers Insurance Assn., 444 S.W.2d 222 (Tex.Civ.App.—San Antonio, 1969, no writ). Where the defendant files a verified denial of each item in plaintiff's claim, the probative force of the sworn account is destroyed, and plaintiff must prove its claim without the aid of Rule 185. Vahlsing Christina Corp. v. Ryman Well Service, Inc., supra.

The rule provides that a suit on a sworn account may be brought, among other reasons, for personal services rendered. Plaintiff contends that the service it rendered was the "physical labor of placing the ads with the various news media" and that its various business records consisting of a ledger sheet and invoices not admitted by the court should have been admitted to show the performance of this service.

The Supreme Court in Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex.1962), held that advertising service performed by Fort Worth Press newspaper was not personal service. This holding was reaffirmed in Tenneco Oil Company v. Padre Drilling Co., 453 S.W.2d 814 (Tex.1970) with reference to the meaning of the words "personal services" as used in Art. 2226, Vernon's Ann.Tex.Civ.St. While these cases were concerned with the recovery of attorney's

fees, we believe the language defining personal service to be applicable to sworn account suits under Rule 185. In *Van Zandt* the court said personal service was 'economic service involving the either intellectual or manual personal labor of the server rather than a salable product of his skill,' and 'that the "act" done for the benefit of another is done *personally* by a particular individual.' Plaintiff relies on Clark Advertising Agency, Inc. v. Tice, 490 F.2d 834 (5th Cir. 1974) for the proposition that the services rendered under Rule 185 are not required to be personal. We think that case is not in point here inasmuch as the court there interprets an amendment to Art. 2226, which omits the word "personal" with respect to services for the recovery of attorneys' fees. The provisions of Rule 185 are still couched in the terms of "personal service rendered." Whether the services sued for here are within the scope of personal services as required by Rule 185 is questionable. However, even assuming the alleged services to be personal services under Rule 185, we must nevertheless affirm the action of the trial court.

██ A suit on a sworn account under Rule 185 presupposes a contract performed by one party who sues the other party for performance of his obligations, but it does not apply to or cover transactions between parties who were strangers to the transaction. Copeland v. Hunt, 434 S.W.2d 156 (Tex.Civ.App.—Corpus Christi, 1968, n. r. e.). As previously stated, the language of the rule itself speaks in terms of "personal service *rendered.*" (Emphasis added.) Therefore in such a suit, evidence must be presented to show performance or rendition of services.

██ The service performed for which plaintiff sues is the placing of ads with various news media. However, the suit was brought for the cost of the actual advertising done. There is no evidence in the record to show that this advertising was

actually done or performed by any of the media. We believe such proof to be an essential and inseparable part of plaintiff's cause of action in this suit. Invoices or statements from plaintiff, copies of which are attached to its pleading, are not sufficient to show that personal services were rendered to defendant without there being proof to show that the advertising was actually produced by the radio and television stations.

 Plaintiff contends that the trial court's refusal to admit its business records consisting of a ledger sheet and invoices, was error under Art. 3737e, V.A.T.S. These records would show the existence of an account with the plaintiff, but they, standing alone without proof that the advertising was actually done, would not be sufficient to show proof of performance or rendition of service. Any error of the trial court in refusing their admission would be harmless. Rule 434, T.R.C.P.

 The sworn denial of defendant, denying the justness of the sworn account, had the effect of neutralizing any sworn account case plead by the plaintiff and cast the burden on the plaintiff to prove his case at common law. Wilkinson v. Texas Emp. Ins. Assn., supra; Reader's Wholesale Distributors, Inc. v. Handel, 410 S.W.2d 803 (Tex.Civ.App.—Waco, 1966, no writ). The plaintiff's failure to prove performance of personal services foreclosed any possible recovery in this suit. The trial court was therefore correct in rendering a directed verdict.

We have considered all of appellants' points and it is our view that they do not present reversible error. Rule 434, T.R.C.P.

Judgment affirmed.