H. D. HORN et al., Appellants,

v.

**FIRST BANK OF HOUSTON,**
Texas, Appellee.

**No. 1240.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 5, 1975.

Leo A. Kissner, Houston, for appellant.

Charles B. Wolfe, Lee, Brown & Wylie, Houston, for appellee.

TUNKS, Chief Justice.

This is an appeal from a summary judgment for the plaintiff on a note and guaranty agreements. Appellee First Bank of Houston sought recovery on a promissory note from appellants H. D. Horn, F. H. Horn, Horn Investment Company, and Amco Investment Corporation and on guaranty agreements from appellants Mrs. H. D. Horn and Mrs. F. H. Horn. Appellee's motion for summary judgment was supported by the affidavit of Mr. Carl J. Walker, its vice-president and cashier. The affidavit recited that Mr. Walker was the custodian of appellee's books and records, including the note and guaranty agreements involved here; that the books and records were kept in the ordinary course of appellee's business; that it was the ordinary course of the business for an employee with actual knowledge of the transactions recorded to make such notations at or near the time the events occurred; and that the records indicated appellants were indebted to appellee in the amount of $157,988.76. Mr. Walker's affidavit recited further that Mrs. H. D. Horn and Mrs. F. H. Horn had, on December 1, 1972, executed continuing guaranty agreements guaranteeing payment of any present or future indebtedness to the appellee of Horn Investment Company or their respective husbands; that on February 8, 1974 appellants F. H. Horn, H. D. Horn, Horn Investment Company and Amco Investment Corporation executed a promissory note in the amount of $135,-390.00; that the note is due and unpaid; and that appellee is the owner and holder of the note and guaranty agreements.

Appellants' answer to appellee's motion for summary judgment was supported by affidavits of F. H. Horn, Mrs. F. H. Horn and Mrs. H. D. Horn. The answer and affidavits alleged various defenses, including failure of consideration for the guaranty agreements and an offset due H. D. Horn, and also various defects in appellee's affidavit, including the affiant's failure to recite his personal knowledge of the facts stated. The trial court found there was no genuine issue of material fact raised by appellants' affidavits and granted summary judgment for appellee, from which appellants have perfected this appeal.

■ Under Rule 166–A of the Texas Rules of Civil Procedure the party moving for summary judgment has the burden of proving by means of summary judgment proof independent of the pleadings that there is no material issue of fact, and that he is entitled to judgment as a matter of law. *Texas Nat. Corp. v. United Systems Internat'l, Inc.,* 493 S.W.2d 738, 741 (Tex. Sup.1973); *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540 (Tex.Sup. 1971). Only when the movant has discharged this burden through presentation of competent extrinsic evidence is the nonmoving party required to show opposing evidence which raises a material fact issue. *Allen v. Western Alliance Insurance Co.,* 162 Tex. 572, 349 S.W.2d 590, 594 (1961). It is therefore unnecessary for us to determine whether the appellants' affidavits raised material fact issues, because we find appellee's affidavit insufficient to support rendition of the summary judgment.

■ The affidavit is defective in that it does not recite that it was made on the personal knowledge of the affiant. *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 233 (Tex.Sup.1963). This defect was not waived because defendants objected to the affidavit on this ground in the trial court. Appellee asserts that such a recitation is not necessary in this case because all the facts stated in the affidavit are reflected in the business records of appellee and are therefore admissible without

such personal knowledge under Tex.Rev. Civ.Stat.Ann. art. 3737e. Article 3737e provides standards for the admissibility of business records as evidence of the occurrences recited therein. Such records may be qualified for admission through the affidavit of a person who does not have personal knowledge of their contents, but the statute in no way purports to allow such a person to testify as to the *contents* of the records. Mr. Walker's affidavit states that all the facts recited therein are reflected in the "books, ledger cards, records, notes, memoranda and other documents pertaining to said promissory note and guaranty agreements . . . ." It is irrelevant whether the affidavit satisfies the requirements of Article 3737e to qualify the documents and records *themselves* to have been presented as summary judgment evidence, because they were not produced: verified copies of them were not attached to Walker's affidavit. Mr. Walker's testimony as to their contents was hearsay, and hearsay cannot support a summary judgment.

Appellee having presented no competent summary judgment evidence to support a finding that it was entitled to judgment as a matter of law, the judgment is reversed and the cause remanded.