LAND LIQUIDATORS OF TEXAS, INC.
and A. L. Jackson, Appellants,

v.

The HOUSTON POST COMPANY,
Appellee.

No. A2926.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 7, 1982.

Sam J. Meador, Houston, for appellants.

Rex A. Shaver, Lapin, Totz & Mayer, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and PRICE, JJ.

PAUL PRESSLER, Justice.

The Houston Post (hereafter appellees) brought suit upon a sworn account under Rule 185, Tex.R.Civ.P. to recover money due upon an itemized account for classified advertising. Appellants answered with a general denial. Appellee was granted a summary judgment based upon appellant's failure to file a sworn denial. Appellants assert that the summary judgment was improper in that appellee's suit is not properly brought as a suit on sworn account.

■ Appellee sought in its pleadings to recover for the "sale of goods, wares and merchandise" under Rule 185 and attached invoices for classified newspaper advertising. We hold that an account for classified newspaper advertising is not an action on a sworn account within the meaning of Rule 185 involving the sale of "goods, wares and merchandise." Rule 185 actions only alleging the sale of "goods, wares and merchandise" are limited to those instances whereby title to personal property passes from one party to another. *Tuloma Rigging, Inc. v. Barge & Crane Rentals, Division of Houston Shell & Concrete, Division of McDonough Co.*, 460 S.W.2d 510 (Tex.Civ.App.— Houston [14th Dist.] 1970, no writ); *Hollingsworth v. Northwestern National Insurance Co.*, 522 S.W.2d 242 (Tex.Civ.App.—

Texarkana 1975, no writ). In *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893 at 895 (Tex.1962), the Supreme Court construed the words "sworn account or accounts" as used in article 2226 Tex.Rev.Civ.Stat.Ann. (Vernon Supp. 1980–81) so as not to cover an itemized account for classified advertising since it was not a transaction "in which there were sales on one side and purchases on the other, whereby title to personal property passed."

■ Although on oral argument, appellees claimed that the account was based on "personal services," appellees pleadings did not seek recovery of the advertising charges as "personal services." The pleadings do not correspond to the theory now urged by appellee. Allegations that appellee "sold goods, wares and merchandise" to appellant will not support on appeal a theory that appellee furnished "personal services" to appellee. *Hollingsworth, supra.* Further, even if appellee had sought recovery for classified newspaper advertising as "personal services" there is doubt that it could prevail due to the holding in *Van Zandt, supra*, that classified newspaper advertising is not a claim for "personal services." *See also Evans Advertising Agency v. Morphew*, 525 S.W.2d 56 (Tex.Civ.App.—Tyler 1975, no writ).

■ Although the affidavit attached to appellee's petition would be a sufficient affidavit for summary judgment on the pleadings under Rule 185 since the appellee failed to file a sworn denial under Rule 185, it is not a sufficient affidavit to sustain a summary judgment on any other basis. If appellee were to recover under Rule 166–A Tex.R.Civ.P., the affidavit required to support a summary judgment must be made on the personal knowledge of the affiant and "show affirmatively that the affiant is competent to testify to the matters stated therein." Rule 166–A(e) Tex.R.Civ.P. The affidavit here does not show that it is made on the personal knowledge of the affiant. Further, the affidavit must not merely state that the affiant is competent to testify to the matters stated therein, but there must be something in the affidavit to show affirmatively how the affiant is competent to testify on the matters stated therein.

*Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230 (Tex.1962); *Horn v. First Bank of Houston,* 530 S.W.2d 864 (Tex.Civ.App. —Houston [14th Dist.] 1975, no writ); *See Barham v. Sugar Creek National Bank,* 612 S.W.2d 78 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). Only when the movant has presented competent extrinsic evidence is the nonmoving party required to present evidence which raises a material fact issue. *Horn, supra.*

Although we have determined the case should be reversed and remanded in its entirety for the reasons above stated, it should be noted that appellee during oral arguments conceded the case should be reversed and remanded as to A. L. Jackson individually, because none of the invoices or account were addressed to A. L. Jackson, individually, and there was no summary judgment proof that Land Liquidators of Texas, Inc. had forfeited its corporate charter due to nonpayment of franchise taxes as alleged, or that A. L. Jackson was in any manner factually or legally liable individually on such corporate account.

Appellee having presented no competent summary judgment evidence to support a finding that it was entitled to judgment as a matter of law under the applicable rule, the judgment is reversed and the cause remanded.