**FAIR WOMAN, INC., Appellant,**

v.

**TRANSLAND MANAGEMENT CORP., Appellee.**

No. 05–88–00582–CV.

Court of Appeals of Texas, Dallas.

Feb. 1, 1989.

Stanley M. Kaufman, Aaron S. Kaufman, Herbert Garon, Jr., Dallas, for appellant.

Thomas L. Davis, Dallas, for appellee.

Before McCLUNG, KINKEADE and OVARD, JJ.

McCLUNG, Justice.

Appellant appeals a summary judgment rendered in favor of appellee in a suit on a commercial lease. Appellant, in seven points of error, attacks the granting of appellee's motion for summary judgment. Because we hold that the affidavits in support of appellee's motion for summary judgment are defective, we reverse the trial court's judgment and remand this cause.

■ In its second point of error appellant argues that the affidavit of Barbara Bullington is insufficient to support appellee's motion for summary judgment because it does not show how the affiant became personally familiar with the facts shown in the affidavit. The affidavit in question merely states the following:

> My name is Barbara Bullington. I am over 18 years of age and I am fully competent to make this affidavit. I have personal knowledge of the facts set forth below and same are all true and correct.

The affidavit does not reflect how the affiant gained her personal knowledge of the facts stated in the affidavit. To be sufficient an affidavit must affirmatively show how the affiant became personally familiar with the facts so as to be able to testify as a witness. A self-serving recitation of such does not satisfy the requirement. *J.T. Fulgham Co. v. Stewart Title Guar. Co.,* 649 S.W.2d 128, 130 (Tex.App.—Dallas 1983, writ ref'd n.r.e.); Tex.R.Civ.P. 166–A(e). The affidavit cannot merely state that the affiant is competent to testify as to the matters stated therein, but there must be something in the affidavit to show affirmatively how the affiant is competent to testify on those matters. *Land Liquidators of Texas v. Houston Post Co.,* 630 S.W.2d 713, 714 (Tex.App.—Houston [14th Dist.] 1982, no writ).

In *Fulgham* the affidavit was held to be sufficient because the affiant's unchallenged averment that he was the vice-president and agent of Stewart Title Guaranty affirmatively showed how he gained the knowledge of the facts to which he testified. We are presented with distinctly different facts. The affidavit in this case does not reflect by whom Bullington is employed or what connection, if any, she has with the parties or operative facts involved in this lawsuit. We hold that this affidavit is insufficient to support appellee's motion for summary judgment.

We note, and it is pointed out by appellant, that the only other evidence in support of appellee's motion is the affidavit of appellee's counsel to the effect that a demand for payment under the lease had been sent to appellant and with respect to attorneys' fees. Appellee, therefore, presented no competent evidence in support of its motion for summary judgment.

Appellee argues that since the facts in the affidavits in question were uncontroverted by appellant, these facts should be deemed true and that it is entitled to a judgment as a matter of law. This Court has already addressed this issue. In *Futerfas v. Park Towers*, 707 S.W.2d 149 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), this Court explained that summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right. *Futerfas*, 707 S.W.2d at 155 (citing *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979)). Appellee presented no competent evidence that could support a finding that there were no material fact issues and that it was consequently entitled to judgment as a matter of law. Until the movant has done this, the non-movant need not respond.

We hold that the affidavits in support of appellee's motion for summary judgment are defective and that summary judgment should not have been granted in this case. We sustain appellant's second point of error, reverse the judgment and remand the cause to trial court.

Because we hold appellant's second point of error to be dispositive, we need not reach the remaining points of error.