Osiel VILLARREAL, et al., Appellants,

v.

The STATE of Texas, Appellee.

No. B14–90–01130–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 5, 1992.

Rehearing Denied April 9, 1992.

Harold Klein, Senfronia Thompson, Houston, for appellants.

Kathleen Braddock, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

OPINION

PAUL PRESSLER, Justice.

Summary judgment was granted subsequent to the forfeiture of a $75,000 appearance bond. Eunice Benton, the surety on the bond, appeals and in a single point of error claims that summary judgment was improperly granted for the reason that the

bond "never became effective." The judgment is affirmed.

On April 14, 1987, the State filed a complaint against Osiel Villarreal charging him with the felony offense of aggravated possession of marijuana. On April 30, Villarreal, as principal, and Eunice Benton, as surety, executed the appearance bond in question, and arraignment was set for May 6. When Villarreal failed to appear at docket call on that date, the court declared the bond forfeited and entered a judgment nisi.

Benton was served with citation on December 18, 1989, and on January 8, 1990, she filed an answer. Villarreal never appeared or answered. The State then filed its Motion for Summary Judgment on June 8, and a hearing was set for July 19. Benton filed a response to the State's motion on June 9, attaching to the response an affidavit alleging that Villarreal had not been released to the bonding company. The State filed an objection to the affidavit, which the court sustained, and the hearing was reset to August 17. Benton attached an amended affidavit to an additional response to the State's motion and filed it along with her First Supplemental Answer. On August 17, the court heard the motion and granted summary judgment.

■ To be entitled to summary judgment, the movant has the burden of establishing as a matter of law that there is no genuine issue of material fact as to any of the elements of its cause of action. *Deckard v. State*, 615 S.W.2d 717, 718 (Tex. Crim.App.1981). The nonmovant must then expressly present to the trial court its reasons for defeating the motion and, when necessary, establish a fact issue. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675 (Tex.1979). Examples of summary judgment proof sufficient to raise a fact issue include admissions, affidavits, and depositions which are signed and filed with the court at the time the motion is heard. *See Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540, 545 (Tex.1971); *Nicholson v. Memorial Hosp. System*, 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Pleadings, however, do not constitute summary judgment proof. *Hidalgo*, 462 S.W.2d at 545; *Nicholson*, 722 S.W.2d at 749.

■ In moving for summary judgment in a bond forfeiture proceeding, the State must present: (1) the bond, and (2) the judicial declaration of forfeiture, i.e., the judgment nisi. *Tocher v. State*, 517 S.W.2d 299, 301 (Tex.Crim.App.1975). To defeat the summary judgment, the defendant must prove that there is a fact issue with regard to one of these two elements. The judgment nisi is prima facie proof that the requirements of Article 22.02 of the Code of Criminal Procedure have been satisfied. *Id.* This statute prescribes the manner in which a bond forfeiture must be taken. In relevant part, it states as follows:

> The name of the defendant shall be called distinctly at the courthouse door, and if the defendant does not appear within a reasonable time after such call is made, judgment shall be entered ... unless good cause be shown why the defendant did not appear.

TEX.CODE CRIM.PROC.ANN. art. 22.02 (Vernon 1989).

Here, the State has met its burden by offering the bond and the judgment nisi into evidence. Appellant does not contend that the requirements of Article 22.02 were not satisfied. Rather she asserts that the bond itself was not properly executed *"as a valid and binding undertaking."* Article 22.13 of the Code of Criminal Procedure lists the only causes for which the defendant and his surety will be exonerated from liability after a forfeiture of the bond has been declared. Although appellant does not specifically refer to this provision in her brief, she apparently relies on that portion of the statute which provides for exoneration if *"the bond is, for any cause, not a valid and binding undertaking in law."* TEX.CODE CRIM.PROC.ANN. art. 22.13, subd. 1 (Vernon 1989). Appellant claims that she entered into the bond agreement with the understanding that Villarreal would be released from custody. As evidence of this, she points to the recitation on the face of the bond which states as follows:

> The condition of this bond is that the defendant has been charged with a felo-

ny offense *and to secure his release from custody is entering into this obligation* binding him to appear before the 177th District Court of Harris County, Texas.

She argues that facts asserted in the amended affidavit were sufficient to raise an issue as to whether Villarreal was ever released from custody and that summary judgment was, therefore, improperly granted.

    The question is whether appellant's affidavit is competent summary judgment proof. Rule 166a of the Rules of Civil Procedure lists the following requirements for affidavits in summary judgment proceedings:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein....

TEX.R.CIV.P. 166a(e) (Vernon Supp.1989).[1] In order to satisfy the personal knowledge requirement, the affidavit must show affirmatively how the affiant became personally familiar with the facts recited therein. *Fair Woman, Inc. v. Transland Management,* 766 S.W.2d 323 (Tex.App.—Dallas 1989, no writ). A self-serving recitation of such does not satisfy this requirement. *Id.* Here, the affidavit alleges as follows:

> My name is L.L. Johnson. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:
>
> I am the custodian of the records of ABC Bonding Company and in particular the records concerning the bond of Osiel Villarreal and the surety, Eunice Benton d/b/a ABC Bonding Company ... That the record as shown by this file by the notes and memoranda therein contained show [sic] that Osiel Villarreal was not released to ABC Bonding Company but was held in custody by the State of Texas and the federal government and returned or ordered to return to Mexico.

> That the information contained in this file regarding the failure to release Osiel Villarreal was obtained from information furnished by the Harris County Sheriff's Department and was recorded at or near the time the bond was posted for the release of the said Osiel Villarreal....

Appellant's affidavit is insufficient to satisfy the personal knowledge requirement of Rule 166a(e) as it shows clearly that the affiant does not have personal knowledge of whether or not the defendant was released from custody. The affiant's only knowledge of this matter comes from information furnished by the Harris County Sheriff's Department. Because the affiant cannot testify to the truthfulness of the records or the alleged actions of the Sheriff's Department, such statements are hearsay. Affidavits consisting of mere conclusions of law or fact based on hearsay are insufficient to prevent the granting of summary judgment. *Berger v. Berger,* 578 S.W.2d 547, 549 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Accordingly, appellant has failed to raise a fact issue to defeat the granting of summary judgment. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.

---

1. This provision has since been renumbered as 166a(f) pursuant to the 1990 changes in the Texas Rules of Civil Procedure.