In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00008-CV
______________________________


BILLY ROBINSON, Appellant
 
V.
 
TEXAS TIMBERJACK, INC., Appellee


                                              

On Appeal from the 217th Judicial District Court
Angelina County, Texas
Trial Court No. CV-35406-02-06


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Texas Timberjack, Inc. (Timberjack) sued Billy Robinson for breach of contract. The
trial court granted summary judgment in favor of Timberjack. Robinson appeals,
contending the trial court erred in granting that judgment. We reverse and remand for
further proceedings because we find the evidence supporting the summary judgment is
insufficient.
Background
          The summary judgment evidence shows that Robinson entered into two separate
agreements to purchase logging equipment from Timberjack. Robinson was to pay for the
equipment by making weekly payments over a period of time. When Robinson stopped
making payments, Timberjack repossessed the equipment and filed suit against Robinson,
seeking recovery of the remaining sum owed. Timberjack filed a verified petition to initiate
the suit and served requests for admissions on Robinson. Timberjack then moved for
summary judgment based in part on two written agreements and an affidavit by Tony
Damron, an agent of Timberjack.
          Robinson filed a motion to strike Damron's affidavit, which the trial court denied. 
The trial court granted Timberjack's motion for summary judgment, after a hearing. 
Robinson then filed a motion for new trial, which the trial court denied. 
Standard of Review
          Because the propriety of a summary judgment is a question of law, we review
de novo the trial court's decision. Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex.
1994). The standards for review of a traditional summary judgment are well established:
(1) the movant must show that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material
fact issue precluding summary judgment, the court must take evidence favorable to the
nonmovant as true; and (3) the court must indulge every reasonable inference in favor of
the nonmovant and resolve any doubts in the nonmovant's favor. Tex. R. Civ. P. 166a(c);
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).
Suit on Sworn Account 
          Timberjack asserts that the granting of summary judgment was proper because
Robinson failed to deny the allegations in the sworn petition by a proper verified denial as
required by Rules 93 and 185 of the Rules of Civil Procedure. See Tex. R. Civ. P. 93, 185. 
Timberjack is precluded from advancing this argument on appeal because Timberjack
failed to timely do so at the trial court level.
          Timberjack advanced two theories in support of its motion for summary judgment
within the written motion itself. First, that by failing to timely respond to requests for
admissions, Robinson had been deemed to admit all the elements of Timberjack's cause
of action. These deemed admissions were struck and not considered by the trial court.
Alternatively, Timberjack argued that the written agreements and the affidavit of Tony
Damron were sufficient evidence by themselves to warrant the granting of summary
judgment. 
          All theories in support of or in opposition to a motion for summary judgment must
be expressly presented in writing to the trial court. Casso v. Brand, 776 S.W.2d 551, 553
(Tex. 1989). A motion for summary judgment must stand or fall on these grounds alone.
Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 912 (Tex. 1997). Timberjack presented
two distinct arguments in its motion for summary judgment, neither of which touched on
Robinson's failure to file a verified denial. 
          Timberjack did, in its response to Robinson's motion for new trial, address
Robinson's failure to file a verified denial. This is insufficient to preserve this issue for our
review. Again, we refer to the well-established rule that all theories in support of a motion
for summary judgment must be presented in the written motion itself. Casso, 776 S.W.2d
at 553; Golden v. McNeal, 78 S.W.3d 488, 493 (Tex. App.—Houston [14th Dist.] 2002, pet.
denied). Summary judgment cannot be affirmed on grounds raised for the first time in a
response to a motion for new trial. Because Timberjack failed to timely present this issue
to the trial court, it will not be considered here.
Responses to Requests for Admissions
          Timberjack seeks, on appeal, to rely on Robinson's written responses to its requests
for admissions. These written responses were not relied on in the written motion for
summary judgment. As noted previously, all theories in support of a motion for summary
judgment must be presented in writing to the trial court. Casso, 776 S.W.2d at 553. 
Because these written responses were not relied on in Timberjack's motion for summary
judgment, we will not consider them here.
Remaining Summary Judgment Evidence
          Damron Affidavit
          Robinson contends the Damron affidavit is not competent summary judgment
evidence and should not have been considered by the trial court. We agree.
          Robinson challenged the admission of the Damron affidavit before the hearing on
the motion for summary judgment. The entirety of that affidavit is as follows: 
I am over the age of 18 years, of sound mind, and otherwise
competent to make this affidavit. I have personal knowledge of the facts
contained in the attached Statement of Account, and all matters are true and
correct. Based upon that Statement of Account, Billy Ray Robinson is
obligated to Texas Timberjack, Inc. in the principal amount of $248,970.41,
after all lawful offsets, credits, and payments have been applied. 
 
I am the authorized agent for Texas Timberjack, Inc., a corporation
licensed to do business in the State of Texas, with its principal place of
business in Angelina County, Texas. 

                     Further, Affiant sayeth not. 


          The affidavit does not show how Damron acquired his personal knowledge of the
facts presented in the affidavit. See Fair Woman, Inc. v. Transland Mgmt. Corp., 766
S.W.2d 323, 323 (Tex. App.—Dallas 1989, no writ). To be sufficient, the affidavit must
affirmatively show how the affiant became personally familiar with the facts. Id. Although
the affidavit states that Damron is an agent of Timberjack, it does not state whether he was
an agent during the relevant periods or how his status as an agent put him in a position to
gain such knowledge. Nor is it readily apparent that Damron's status as an agent of
Timberjack would put him in such a position. Further, there is other summary judgment
evidence in the form of an affidavit by Robinson which challenges whether Damron was
in a position to acquire personal knowledge of the relevant facts. The presence of
Robinson's affidavit in the summary judgment evidence distinguishes this case from
Requipco, Inc. v. Am-Tex Tank & Equip., 738 S.W.2d 299, 301 (Tex. App.—Houston [14th
Dist.] 1987, writ ref'd n.r.e.), cited by Timberjack.
          Finally, Damron's affidavit states that the facts laid out in the affidavit are based on
an attached statement of account. The affidavit did not have any attachments. Rule
166a(f) of the Rules of Civil Procedure requires copies of all documents referred to in an
affidavit to be attached to the affidavit. Tex. R. Civ. P. 166a(f). There is some conflict
among the courts about whether the failure to attach referenced documents to an affidavit
is a waivable defect of form, or a more serious defect of substance. Gorrell v. Tex. Utils.
Elec. Co., 954 S.W.2d 767 (Tex. 1997); Mathis v. Bocell, 982 S.W.2d 52, 59–60 (Tex.
App.—Houston [1st Dist.] 1998, no pet.). We need not decide that issue here, however. 
We merely note that Timberjack's failure to attach the documents only serves to
exacerbate the previously mentioned defects.
          For the foregoing reasons, we find the Damron affidavit is not competent summary
judgment evidence and should not have been considered by the trial court.
          Written Agreements
          The only remaining evidence supporting the summary judgment is the written
agreements. In its motion for summary judgment, Timberjack stated that, in order to prove
its cause of action, it had to show (1) execution and delivery of the agreement to pay, (2) a
promise to pay according to the terms of the agreement, (3) default by Robinson, (4) a
showing of the sum due on the agreement, and (5) Timberjack's status as holder of the
agreement. Robinson disputes that there ever existed a valid agreement between the
parties, what type of agreement it may have been, whether he breached that agreement,
and what any proper damages would be. 
          We cannot hold that Timberjack has proven its entire cause of action as a matter
of law by looking at the written agreements alone. Specifically, there is no way to
determine if Robinson is in default and if so, what sum is due on the agreement. We must
resolve any doubts in favor of Robinson. Nixon, 690 S.W.2d at 548–49. 
Conclusion
          We hold that Timberjack did not timely raise the issue of Robinson's failure to file
a verified denial in the trial court. It cannot raise this issue for the first time on appeal. We
also hold that Timberjack failed to include Robinson's written responses to its requests for
admissions as a basis for its written motion for summary judgment. Again, it cannot raise
this issue for the first time on appeal. We further hold that the affidavit by Tony Damron
is not competent summary judgment evidence and that the remaining evidence is
insufficient to support a granting of summary judgment in Timberjack's favor. 
          Accordingly, we reverse the summary judgment and remand this cause to the trial
court for further proceedings.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      September 12, 2005
Date Decided:         October 7, 2005